**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

_____

Emily Wilson, as Executor of the Estate          Case No.  19-cv-05037
of Joseph A. Wilson and the Estate of            Judge Brian M. Cogan
Joseph A. Wilson

               Plaintiffs
v.

United States

               Defendant.

_____

## NOTICE OF PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT

The Plaintiffs, by and through counsel, pursuant to Federal Rules of Civil Procedure 15(a)(2) and Local Civil Rule 7.1(a), hereby provide Notice of their Motion to Amend Their Complaint.

The Plaintiffs attach hereto their Memorandum of Law in Support of this Motion as well as their Proposed First Amended Complaint.  The Plaintiffs submit that leave should be granted by this Court for the filing of their First Amended Complaint.

WHEREFORE, for the reasons stated, the Plaintiffs submit that their Motion to Amend the Complaint should be granted.

60116764.v1

Dated:  November 12, 2021

Respectfully submitted,

NOSSAMAN LLP


/s/ Robert M. Adler
Robert M. Adler
1401 New York Ave., NW
8th Floor
Washington, D.C. 20005
(202) 887-1428
(202) 466-3215 Facsimile


WINNE BANTA
BASRALIAN & KAHN, P.C.


/s/ Gary S. Redish
Gary S. Redish
Michael Cohen
Court Plaza South - East Wing
21 Main Street, Suite 101
Hackensack, New Jersey 07601
(201) 487-3800
(201) 487-8529 Facsimile
*Counsel for Emily S. Wilson, as Executor
of the Estate of Joseph A. Wilson and the
Estate of Joseph A. Wilson*

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

_____

Emily Wilson, as Executor of the Estate      Case No.  19-cv-05037
of Joseph A. Wilson and the Estate of        Judge Brian M. Cogan
Joseph A. Wilson

    Plaintiffs

v.

United States

    Defendant.

_____

## <u>PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF<br>THEIR MOTION TO AMEND THEIR COMPLAINT</u>

The Plaintiffs, by and through counsel, hereby submit their Memorandum of Law in

Support of their Motion, pursuant to Federal Rules of Civil Procedure 15(a)(2) and Local Rule

7.1, for this Court to grant them leave to file their First Amended Complaint.  The proposed First

Amended Complaint is appended hereto as Attachment A.

## I. **THE PLAINTIFFS, PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE <u>RULE 15(a)(2), SHOULD BE GRANTED LEAVE TO AMEND THEIR COMPLAINT</u>**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that: "The court should

freely give leave when justice so requires."  _See_, _Parker v. Columbia Pictures Indust._, 204 F.3d

326, 339 (2d Cir. 2000): "Rule 15(a) requires courts to grant leave 'freely . . . where justice so

requires.'"  As set forth herein, justice requires that the Plaintiffs be granted leave to file their

First Amended Complaint.

60116764.v1

## II.   THE PROPOSED FIRST AMENDED COMPLAINT

The Plaintiffs seek leave of this Court to amend the Complaint filed herein [Dkt no. 1]. The proposed First Amended Complaint follows the original Complaint (other than for some reordering of the paragraphs) except as follows:

1.      Paragraph number 12 of the original Complaint alleged, in pertinent part: "There is no case law which supports the IRS position that Code Section 6048(c) (or its 35% penalty) was applicable."  In view of the Second Circuit Court of Appeals decision in this case, reported at *Wilson v. United* States, 6 F.4[th] 432 (2d Cir. 2021), that sentence has been deleted in the proposed First Amended Complaint[1].

2.      The first sentence of paragraph 34 of the original Complaint has been deleted from the proposed First Amended Complaint.  That sentence stated: "There is no known case law which has directly ruled on the interpretation of I.R.C. §§ 6048(b) and (c) on the question presented herein, i.e., does a 5% or 35% penalty apply?"

3.      The Amended Complaint has new legal arguments which are set forth in paras. Nos. 38-43.  The basis for these new arguments is that should, as a result of the ongoing litigation in this matter, it is ultimately determined that I.R.C. § 6048(b), prior to its amendment in 2010, did not provide the IRS with statutory authority to require the annual filing by trust owners of Form 3520, then the Plaintiffs submit that I.R.C. § 6001 provided that statutory authority.  There is no penalty provision in the Internal Revenue Code for the late filing of a Form or return where the statutory authority rested in I.R.C. § 6001.  As a separate matter, as provided by IRS Chief Counsel Advisory Memorandum No. 201150029, no penalty should have been imposed on Mr. Wilson for his late filing of Form 3520 in 2010.

---

[1] As this Court is aware, the Plaintiffs have filed a Petition for Certiorari with the Supreme Court contending that the Second Circuit's decision was in error and that it should be reversed.

I.R.C. § 6001 provides in pertinent part:

> Every person liable for any tax imposed by this title, or for the collection thereof, shall keep such records, render such statements, make such returns, and comply with such rules and regulations as the Secretary may from time to time prescribe.

The 2007 Instructions for Form 3520 reflected that the IRS viewed I.R.C. § 6001 (as well as I.R.C. §§ 6011 and 6012(a)) as the statutory authority for the IRS requiring an owner/grantor to file an annual Form 3520. (Attachment B hereto) These instructions stated (page 10):

> Our authority to ask for information is sections 6001, 6011, and 6012(a) and their regulations, which require you to file a return or statement with us for any tax for which you are liable. Your response is mandatory under these sections.

The IRS has previously recognized that I.R.C. § 6001 provided it with statutory authority to require taxpayers to file a new form it had created. This was set out in I.R.S. Notice 2003-75. 2003 IRB Lexis 474 (I.R.S. November 28, 2003). In this Notice, the IRS announced that, under the authority provided to it by I.R.C. § 6001, it had designed a new form that a U.S. citizen or resident alien was to file who held an interest in a RRSP (Canadian Registered Retirement Savings Plan) or a RRIF (Registered Retirement Savings Plan). The new form was to be completed and attached to the taxpayer's Form 1040 rather than the information being included in Form 3520. In this notice, the IRS announced that there was to be a new reporting regime, effective for years beginning after December 31, 2002, "in lieu of the filing obligations under section 6048 (Form 3520, *Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts,* and Form 3520-A, *Annual Information Return of Foreign Trust With a U.S. Owner*)". This was Form 8891: *U.S. Information Return for Beneficiaries of Certain Canadian Registered Retirement Plans* (2004). The 2004 version of the form is publically available on the IRS' website at https://www.irs.gov/pub/irs-prior/f8891--2004.pdf.

The Internal Revenue Code does not provide for a penalty for the late filing of a tax return as authorized by I.R.C. § 6001. The Plaintiffs submit that this led the IRS to state in its Chief Counsel Advisory Memorandum 201150029, 2011 IRS CCA LEXIS 254 (I.R.S. November 9, 2011) that: "A U.S. person treated as the owner of a foreign trust who fails to file Form 3520 when required under section 6048(b) will be subject to a penalty for such failure only with respect to tax years beginning after March 18, 2010." This is directly applicable to Mr. Wilson and his late filing of Form 3520 for 2007. Accordingly, for this reason, standing alone, there should be no penalty for Mr. Wilson's late filing of Form 3520 for 2007.

Courts have uniformly recognized that I.R.C. § 6001 provides the IRS with authority to require that tax returns be filed "as the Secretary from time to time may prescribe." *See Otte v. United States*, 419 U.S. 43, 52 (1974) (I.R.C. §§ 6001 and 6011 relied on for the trustee's requirement to prepare and submit to wage claimants and to taxing authorities the reports and returns required of employers under the Internal Revenue Code); *Blumenfield v. United States*, 306 F.2d 892, 895 (8th Cir. 1962) (finding Commissioner was authorized under I.R.C. § 6001 to prescribe reasonable forms and regulations to facilitate the collection of the liquor stamp tax and the Commissioner did not exceed its authority in doing so); *Perkins v. Comm'r*, 262 F. App'x 119, 120 (11th Cir. 2008) (rejecting argument that the Commissioner was without authority to enforce the tax laws against the petitioner, holding that I.R.C. § 6001 gave the Commissioner the authority to keep such records and make such returns as the Commissioner may from time to time prescribe); *In re Hahn,* 200 B.R. 249, 251 (M.D. Fla. 1996) (under I.R.C. §§ 6001 and 6011, "Courts have continually recognized the authority to require the filing of tax returns").

**III.  THE GOVERNMENT BELATEDLY RAISED THE LACK OF STATUTORY AUTHORITY ARGUMENT IN ITS REPLY BRIEF FILED IN THE COURT OF <u>APPEALS</u>**

At the status/pre-motion conference held before this Court on October 29, 2021, the Court inquired of Plaintiffs' counsel as to why they could not have earlier anticipated, in the appellate proceedings, the Government's contention that in 2007 there was no statutory authority for the IRS to require Mr. Wilson (and other similarly situated taxpayers) to file Form 3520.  The Plaintiffs respond to that inquiry below.

From the record before this Court and the Court of Appeals, it is quite apparent that the Government itself did not come up with its novel statutory argument until it prepared and filed its Reply Brief in the Court of Appeals.  By that time, other than the Court granting leave for the Plaintiffs/Appellees to file a Sur-Reply, there was no opportunity for the Plaintiffs/Appellees to raise the legal issues which they now are attempting to assert in their Proposed Amended Complaint.  The Court of Appeals denied the Appellee's request to leave to file a Sur-Reply brief [Dkt. no. 128].

As a starting point, the Plaintiffs' Cross-Motion for Summary Judgment filed in this Court contended that the filing obligation for Mr. Wilson fell on him as the trust owner, pursuant to I.R.C. § 6048(b), and under the corresponding penalty statute (I.R.C. § 6677)(b)(2), the penalty should have been 5% of the "gross reportable amount," which was the year-end value of the first assets in the 2007.  See, I.R.C. § 6677 (c)(2).  [Dkt. no. 18]

In its Memorandum filed in Opposition to this Cross-Motion ("Opposition"), the Government repeatedly set out the Form 3520 and Form 3520-A filing requirements in 2007 [Dkt no. 20].  In its Opposition, the Government contended that under I.R.C. § 6048(b), the owner of a foreign trust had the responsibility to ensure that the trust itself annually filed IRS

Form 3520-A. Opposition at 3-4. The Government further contended that the trust beneficiary had the obligation, pursuant to I.R.C. § 6048(c), to report on Form 3520 any distributions received. Opposition at 2-3. However, the Government's response totally omitted any reference to any obligation imposed on the trust owner to file an annual Form 3520. No explanation was provided for this omission. On its face, the Government did not contend that I.R.C. § 6048(b) did not authorize the IRS to require this Form to be filed prior to the time of the 2010 amendment in 2010 of I.R.C. § 6048(b). Had the Government actually viewed this lack of statutory authority as the reason why a trust owner was not required to file an annual Form 3520 in 2007, then it only stands to reason that the Government would have made this argument. But it did not.

In its opening brief filed in the Court of Appeals, the Government, in enumerating the various filing requirements in 2007 for Form 3520 and 3520-A, continued to omit the requirement that a trust owner file an annual Form 3520. *See*, Appellant's Opening Brief, pages 3-4, 14-16 [Dkt no. 44]. Nowhere in its brief did the Government state why it omitted this filing requirement -- despite the fact that Form 3520 itself, together with its instructions, and numerous IRS publications specifically stated that an annual filing of Form 3520 by a trust owner was required (prior to the time of the 2010 amendment of I.R.C. § 6048(b). Nor did the Government's brief state or otherwise contend that the reason for this omission was that I.R.C. § 6048(b), in effect in 2007, did not provide the IRS with authority to require a trust owner to file an annual Form 3520. Similarly, the Government's opening brief, in its Statement of the Issue (pages 3-4), Statement of the Case (pages 4-9) and Summary of Argument (pages 19-22) failed to make this argument.

The Plaintiffs/Appellees' responsive brief emphasized the Government's conspicuous omission of the annual Form 3520 filing requirement in 2007 by a trust owner [Dkt. no. 71]. *See*, Appellees' Brief, pages 14-17. As emphasized by Appellees, the Government's position that an annual Form 3520 was not required to be filed in 2007 was premised on two (incorrect) contentions: (1) that the instructions for Form 3520 (which specifically stated that an annual Form 3520 was required to be filed by the trust owner) should be ignored in that they "cannot override the plain text of the relevant statutes" and "taxpayers cannot rely on the Internal Revenue Service instructions to justify a reporting position otherwise inconsistent with controlling statutory provisions." *See*, Appellees' Brief, pages 15-16 and Appellant's Opening Brief, pages 48-49; and (2) the Government contended that the penalty provision under I.R.C. § 6677(b)(2), pertaining to a violation of I.R.C. § 6048(b), <u>only</u> pertained to a late filing by the trust of Form 3520-A - - and not a late filing of Form 3520 by a trust owner. The Appellees responded to these arguments, contending that the IRS instructions for Form 3520 (requiring the annual filing by the trust owner) were consistent with § 6048(b) - - meaning that there was no language in § 6048(b) which <u>prohibited</u> the filing of this annual Form. Further Appellees responded that the 5% penalty provision appearing in I.R.C. § 6677(b)(2) pertained to <u>any</u> late return filing required by § 6048(b). *See*, Appellees' Brief, pages 15-17 [Dkt. no. 71].

The Plaintiffs submit that at this point in the Appellate proceedings, it was clear that the Government was <u>not</u> contending that I.R.C. § 6048(b) did not authorize the IRS to require trust owners to file an annual Form 3520 prior to the 2010 amendment. Indeed, such a position appeared to be inconceivable given that, beginning in 1997, the IRS required trust owners to file an annual Form 3520; and the IRS had not, in any publication, <u>ever</u> stated that despite this practice (which lasted for thirteen years until the time of the 2010 amendment) was lasted for

thirteen years, no statutory authority existed which allowed the IRS to require these forms to be filed.

To the contrary, two IRS publications, which Appellees quoted from in their opening brief, specifically relied on I.R.C. § 6048(b) as providing it with authority to require a trust owner to file Form 3520. The first such publication was Notice 2003 – 25, 2003 IRB LEXIS 144 (I.R.S.. January 1, 2003), which stated in pertinent part:

> Internal Revenue I.R.C. section 6048 requires information reporting with respect to certain foreign trusts. Persons subject to these information reporting rules must file Form 3520 . . . Form 3520 generally is filed on an annual basis on or before the due date for the U.S. owner's or U.S. beneficiary's income tax return.

See, Appellees' Brief, pages 17-18.

The second publication was the I.R.S.' Chief Counsel Advice Memorandum 201150029, (2011 I.R.S. CCA LEXIS 254), which stated at *5-6:

> If a U.S. person fails to file a Form 3520 when required by section 6048(b) or a foreign trust that is treated as owned by a U.S. person fails to file Form 3520-A and that U.S. person does not file a substitute Form 3520-A, the U.S. person will owe an initial penalty under section 6677(b) equal to the greater of $10,000 or 5 percent of the "gross reportable amount". Here, "gross reportable amount" means the value of the foreign trust's assets at the close of the year treated as owned by the U.S. person. I.R.C.§ 6677(c)(2). (emphasis supplied).

*See*, Appellees' Brief, page 28.

Since it was abundantly clear from both of these IRS publications that the IRS specifically relied on I.R.C.§ 6048(b) as its authority to require a trust owner to file an annual Form 3520 (prior to the 2010 amendment), it was apparent that the Government could not be heard to claim in this litigation that I.R.C.§ 6048(b) did not provide it with its authority until the time of the 2010 amendment.

By all appearances, the Appellees' brief placed the Government in a position where it was forced to manufacture a new argument which it set forth, for the <u>first</u> <u>time</u> in its Reply Brief - - that the version of I.R.C. § 6048(b) in effect in 2007, did not require Forms 3520 to be annually filed by trust owners. Specifically, in its Reply Brief at 7, the Government stated:

> The version of § 6048(b), in effect in 2007 did not require such a filing. In 2007, the only annual requirement that I.R.C.§ 6048(b) imposed on U.S. owners of a foreign trust was the requirement that they ensure that the trust file an annual return and furnish statements to owners and beneficiaries. Section 6048(b) did not impose an independent filing requirement on owners.

The Government further asserted that: "The provision allowing the Secretary to require additional information from the *owner* was not added to the statute until 2010." Government's Reply at 16-17 n6 [Dkt. no. 87].

Given this belated statutory argument, the Appellees' only recourse was to contend in their proposed Sur-Reply brief in the Court of Appeals that if, in fact, I.R.C. § 6048(b) did not provide statutory authority for the IRS to require trust owners to file annual Form 3520 prior to the 2010 amendment, then such statutory authority could be found in I.R.C.§ 6001. *See*, the Appellees [proposed] Sur-Reply (pages 7-10). (Attachment C hereto). [Dkt no. 91].

The Court of Appeals issued its decision on July 28, 2021 [Dkt. no. 127]. At the conclusion of its decision, the Court of Appeals stated: "We VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion." *Wilson v. United States*, 6 F.4th 432, 439 (2d Cir. 2021). The Court of Appeals did not remand this case to this Court solely with respect to the "reasonable cause" issue (I.R.C. § 6677(d)).

On the same date, the Court issued an Order denying the Appellees' Motion for Leave to File their Proposed Sur-Reply brief in that it was "moot". [Dkt. no. 128]. (Attachment D hereto).

**IV.  THE COURT OF APPEALS DID NOT "EXPRESSLY" OR "IMPLIEDLY" DECIDE THE LEGAL ISSUES WHICH THE PLAINTIFFS/APPELLEES RAISED IN THEIR PROPOSED SUR-REPLY BRIEF**

The Plaintiffs submit that under controlling case law, the Court of Appeals did not "expressly" or "impliedly" decide the issues which the proposed Sur-Reply raised: (1) that I.R.C. § 6001 provided the IRS with appropriate statutory authority to require a trust owner to file an annual Form 3520 (prior to the 2010 amendment) of I.R.C. § 6048(b)(2).  There was no penalty provision in the Internal Revenue Code for the late filing of a Form or return required to be filed pursuant to IRC § 6001; and (2) as stated in the IRS Chief Counsel Advisory Memorandum 201150029, no penalty should have assessed for the late filing by Mr. Wilson of Form 3520 in 2007.

Decisions from the Second Circuit Court of Appeals have interpreted similar remand language as permitting the District Court to determine the appropriate course of further proceedings on remand. *See United States v. Salameh*, 84 F.3d 47, 49 (2d Cir. 1996); *New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co.*, 352 F.3d 599, 606 (2d Cir. 2003): "[A] mandate is controlling only 'as to matters within its compass . . .' 'Put simply, the law of the case 'does not extend to issues an appellate court did not address.''"; *United States v. Niebuhr*, 456 F. App'x 36, 39–40 (2d Cir. 2012) (declining to apply mandate rule where Second Circuit previously stated that it "need not consider" a particular argument because the evidence was sufficient to uphold the conviction on an alternate ground); *Spring v. Allegany-Limestone Cent. Sch. Dist.*, No. 14-CV-476S, 2017 WL 6512858, at *4 (W.D.N.Y. Dec. 20, 2017) (declining to apply mandate rule where Second Circuit had an opportunity consider and dismiss the claims based on failure to allege deliberate indifference, but did not do so); *Serby v. First Alert, Inc.*, 783 F. App'x 38, 40 (2d Cir. 2019) (declining to apply mandate rule where Second

Circuit ruled that one part of settlement agreement was ambiguous, but did not reach issue of whether second portion was ambiguous); and, *Cohen v. DHB Industries, Inc.*, 658 Fed. Appx. 593, 594 (2d Cir. 2016) ("When the mandate leaves issues open, the lower court may dispose of the case on grounds not dealt with by the remanding appellate court" (citation omitted)).

In *Yack Man Mui v. United States*, 614 F.3d 50, 53-54 (2d Cir. 2010), the issue presented was whether on remand, Section 2255 proceedings (involving claims of ineffective assistance of counsel) could be raised. In its decision, the Court provided instructive language, applicable to the case at bar, as to when an argument had been "explicitly" or "impliedly" decided in the case before it. The Court held at 53-54:

> We have also applied the mandate rule to bar ineffective assistance claims in a Section 2255 proceeding when the factual predicates of those claims, while not explicitly raised on direct appeal, were nonetheless impliedly rejected by the appellate court mandate. *See*, *Pitcher, 559 F.3d 124* (rejecting petitioner's Section 2255 ineffective assistance claims because they were 'premised on the same facts and rest on the same legal grounds' as the argument made on direct appeal).

As held in *Yack Man Mui*, the Plaintiffs submit that the two legal issues which were asserted in the proposed Sur-Reply brief and which Plaintiffs seek to assert in their Amended Complaint were not based on the same facts and rest on the same legal grounds as the arguments made by the Plaintiffs/Appellees in the Court of Appeals. Instead, the Appellees argument before the Court of Appeals was that this Court's decision was correct in holding that Mr. Wilson was required to report the 2007 trust distributions, as the trust owner, pursuant to I.R.C. § 6048(b); and that the applicable penalty was 5% of the year-end account balances under I.R.C. § 6677(b)(2) (which were zero). There was no issue before the Court of Appeals as to whether: (1) I.R.C. § 6001 served to provide the IRS with statutory authority to require Mr. Wilson, as the

trust owner, to file Form 3520 in 2007; and (2) whether no penalty could be imposed on Mr. Wilson by virtue of the IRS Chief Counsel Advisory Memorandum 201150029.

*Sompo Japan Ins. Co. of Am. v. Norfolk S.R.*, 762 F.3d 165 (2d Cir. 2014) further supports the Plaintiffs position herein. In that case, the Court of Appeals vacated the District Court's judgment and ". . . remanded for further proceedings." *Id.* at 172. On remand, the District Court considered the defendants' defenses based on the Exoneration Clauses in the pertinent bill of ladings. *Id.* at 174. The District Court then granted the defendants' Summary Judgment Motion. *Id*. at 174. The plaintiff appealed. On appeal, the Second Circuit held that ". . . the court to which [a matter] is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." *Id.* at 175. The Court of Appeals further held that the District Court did not violate the mandate rule when it considered the additional defenses raised by the defendants. As the Court in *Sompo* stated at 175:

> To begin, Sompo does not, and cannot, contend that this Court
> addressed the merits of those defenses. . . . The Railroads' appeal
> did not raise, and we did not address, whether certain defenses that
> might be viable against Sompo's state law claims were they not
> preempted . . .

Instead, as the Court stated: ". . . we simply vacated the judgment and remanded 'for further proceedings,' leaving it to the district court to determine how the case ought to proceed." *Id.* at 175. Similar to *Sompo*, the Court of Appeals in the case at bar did not address the merits of the legal arguments which the Plaintiffs/Appellees raised in their proposed Sur-Reply brief and seek to raise in their First Amended Complaint.

This Court's holding in *Goodwyne v. N.J. Transit,* 2017 U.S. DIST. LEXIS 126290 at *5 (E.D.N.Y. 2017) is also supportive of the Plaintiffs' position. Therein, this Court stated at *5: "The mandate rule forecloses consideration of issues that could have been raised on appeal but

were not as well as claims that were actually raised but rejected (citation omitted)."  The

Plaintiffs submit that the legal issues attempting to raise in its First Amended Complaint were

not "rejected" by the Court of Appeals.

In *Beras v. United States*, 2013 U.S. DIST. LEXIS 38789 (S.D.N.Y. 2013), the court

articulated the legal standard under the remand rule for when an issue is "expressly" or

"impliedly" decided by the appellate court.  The issue before the court was whether or not, under

the mandate rule, the petitioner was barred from bringing an ineffective assistance of counsel

claim ". . . when the petition brought a claim alleging the same underlying facts during direct

review, which was rejected on the merits . . ." *Beras*, *supra* at *48.  The district court held that

the mandate rule barred the bringing before the district court of the ineffective counsel claim in

that it was ". . . simply a slightly altered rearticulation of a claim that was rejected on [] direct

appeal." (citation omitted).  The court continued ". . . purporting to consider the merits of

repackaged claims that were rejected on the merits during direct review would be a waste of

scarce judicial resources." *Id.* at *48-49.  The court's holding is instructive herein given that the

issues which the Plaintiffs seek to assert in their Amended Complaint were not "slightly altered"

or "repackaged claims" which were rejected by the Court of Appeals.

Similarly, in *Curto v. Med. World Communs. Uns, Inc.,* 2008 U.S. DIST. LEXIS 45313

(E.D.N.Y. 2008), the issue before the District Court was whether the magistrate judge had

violated the remand rule by considering an attorney client privilege issue following the District

Court's Order.  The District Court held that the magistrate judge was <u>not</u> prohibited by the

mandate rule from considering the attorney client privilege issue since the only issue before the

district court (in the appeal from the magistrate judge's decision) pertained to the work-product

privilege.  *Curto, supra* at *9-10.

## **CONCLUSION**

For the above stated reasons, the Plaintiffs respectfully submit that their Motion to Amend their Complaint should be granted.

Dated:  November 12, 2021                    Respectfully submitted,

NOSSAMAN LLP

/s/ Robert M. Adler
Robert M. Adler
1401 New York Ave., NW
8th Floor
Washington, D.C. 20005
(202) 887-1428
(202) 466-3215 Facsimile

WINNE BANTA
BASRALIAN & KAHN, P.C.

/s/ Gary S. Redish
Gary S. Redish
Michael Cohen
Court Plaza South - East Wing
21 Main Street, Suite 101
Hackensack, New Jersey 07601
(201) 487-3800
(201) 487-8529 Facsimile
*Counsel for Emily S. Wilson, as Executor*
*of the Estate of Joseph A. Wilson and the*
*Estate of Joseph A. Wilson*