# <u>ATTACHMENT A</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

Emily S. Wilson, as Executrix of )
the Estate of Joseph A. Wilson and the )
Estate of Joseph A. Wilson )
                       )
       Plaintiffs, )     Case no. 19-cv-5037
                       )
v. )     Judge Brian M. Cogan
                       )
                       )
THE UNITED STATES )
                       )
       Defendant. )
                       )
_____ )

## PLAINTIFFS' [PROPOSED] FIRST AMENDED COMPLAINT

Plaintiffs, Emily S. Wilson, as Executrix of the Estate of Joseph A. Wilson and the Estate of Joseph A. Wilson, allege and state the following as their First Amended Complaint:

1.      This is an action arising under the Internal Revenue Code of 1986, as amended, and codified in Title 26 United States Code, for recovery of the tax penalty, together with interest, paid by Joseph A. Wilson, deceased ("Taxpayer" or "Mr. Wilson"), for the late filing of Form 3520 for calendar year 2007.

2.      The penalty at issue, in the sum of $3,221,183, was erroneously and unlawfully assessed and collected by the Internal Revenue Service ("IRS"), pursuant to Internal Revenue Code ("I.R.C.") § 6677 due to the Taxpayer's late filing of Form 3520 for calendar year 2007.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§1346(a)(1) in that the amount paid by the Taxpayer represents full payment of the penalty at

issue together with statutory interest thereon.

4.      Venue in this Court is proper pursuant to 28 U.S.C. §1391(b)(3).

## THE PARTIES

5.      Joseph A. Wilson passed away on June 16, 2019.  He resided in Great Neck, New York, located in Nassau County.

6.      The filing of this suit has been properly authorized by Emily S. Wilson, duly appointed as Preliminary Executor of the Estate of Joseph A. Wilson, pursuant to the Preliminary Letters Testamentary, dated August 14, 2019, by the Surrogate's Court of Nassau County, New York.

7.      The Defendant is the United States.

## PROCEDURAL BACKGROUND

8.      Mr. Wilson established the Perfect Partner Trust ("Trust") in 2003.  The Trust was drafted by New York counsel retained by the Taxpayer.  Mr. Wilson was the named grantor of the Trust.  The Trust was professionally administered by Schindler's, an established and reputable company in the United Kingdom, selected by Mr. Wilson.  The Trust held bank accounts in Switzerland and Lichtenstein.  The accounts were funded by Mr. Wilson in 2003 with approximately $9 million which was mostly in the form of U.S. Treasury bills.  They accrued annual interest of 5% or less.

9.      At the conclusion of the IRS examination, the Revenue Agent acknowledged in his Thirty Day letter that the Trust was <u>not</u> established for tax avoidance purposes.  Instead, the Revenue Agent correctly concluded that the Taxpayer established the Trust in an attempt to place assets beyond the reach of his then-wife, who he had reason to believe was preparing to file a

2

divorce action against him.  In fact, a divorce action was filed by her in 2004.

10.     In 2007, after the conclusion of the divorce proceedings, the Taxpayer terminated the Trust.  Its assets, in the sum of $9,203,381, were transferred in that year to accounts held by the Taxpayer in major financial institutions in the United States.  Virtually all of these funds represented principal which had previously been taxed in the United States.  At the time these distributions were made, the Taxpayer was the owner/grantor of the Trust as well as its sole beneficiary.  This was fully consistent with the various income tax and information returns filed by Mr. Wilson with the IRS reporting the trust assets and his earnings from it.  The Thirty Day letter, prepared by the Revenue Agent, similarly treated Mr. Wilson as the owner/grantor of the Trust.  Mr. Wilson was totally unaware of any requirement to file Form 3520 reporting the distributions from the Trust.

11.     For calendar years 2003-2004, information returns pertaining to the Trust and its assets were timely filed with the IRS.  All pertinent information for the Trust was provided to the IRS, including a copy of the trust instrument itself.  For 2005-2007, information returns were not timely filed.  The IRS assessed various penalties.  All penalties, with the exception of the penalty assessed for calendar year 2007 for the late filing of Form 3520 (which is at issue herein) were settled in IRS Appeals.  The settled penalties were promptly paid in full, together with statutory interest.

12.     As a result of the Taxpayer's late filing of Form 3520 for calendar year 2007, the IRS assessed a penalty of $3,221,183.  This represented 35% of the trust distributions made to Mr. Wilson in 2007.  In making this assessment, the IRS erroneously took the position that these distributions were governed by I.R.C. § 6048(c) — a distribution made to a "beneficiary" and reportable by Mr. Wilson as "the beneficiary."  The Plaintiffs vigorously dispute this position.

3

They contend that these distributions were properly reportable by Mr. Wilson as the owner/grantor of the Trust - - not as the trust beneficiary pursuant to I.R.C. § 6048(c). No Treasury Regulations under I.R.C. § 6048 have been promulgated.

13.     On or about June 26, 2017, the Taxpayer paid the full amount of the penalty ($3,221,183) plus statutory interest ($268,651.52). This payment was submitted directly to the IRS Appeals office located in Fort Lauderdale, Florida.

14.     The Taxpayer, through his counsel, proceeded to prepare and submit to the IRS a Claim for Refund and Request for Abatement (Form 843). The Claim for Refund was received by the IRS on August 23, 2017.

15.     Since the filing of this Claim for Refund, the IRS has not notified the Plaintiffs, the Taxpayer or their counsel of any action taken on the Claim for Refund.

16.     On or about March 19, 2018, the Taxpayer timely filed a Complaint seeking the refund of the $3,221,183 penalty, together with statutory interest, in the United States Court of Federal Claims (Case No. 18-cv-00408-T). An Answer was filed by the Defendant on or about August 15, 2018.

17.     On August 16, 2018, the Taxpayer filed a Motion for Partial Summary Judgment. In it, Mr. Wilson maintained that, as a matter of law, only a 5% penalty was due under I.R.C. § 6048(b) (assuming, for the sake of discussion, that there was no "reasonable cause" for the late filing which would have eliminated any penalty). On December 7, 2018, the Defendant filed a Motion to Dismiss, asserting that the Court lacked subject matter jurisdiction in that the Claim for Refund in question had not been signed by the Taxpayer under oath, but instead (according to the Defendant) had improperly been executed and filed by his counsel pursuant to a Power of Attorney (Form 2848) executed by Mr. Wilson. The Taxpayer opposed this Motion.

18.     Out of an abundance of caution, in an effort to cure any possible deficiencies asserted by the Defendant, the Taxpayer's counsel submitted to the IRS an Amended Claim for Refund which the Taxpayer signed under penalties of perjury.  As reflected by the stamped returned copy of the Amended Claim for Refund, it was received by the IRS on January 11, 2019.

19.     On February 27, 2019, the Court granted the Motion to Dismiss, entering an Order dismissing the case without prejudice.  On March 8, 2019, the Court entered Judgment, dismissing the complaint without prejudice.

20.     The Amended Claim for Refund was timely filed with the IRS within the two-year period permitted by I.R.C. § 6511(a) following the payment of the penalty in question.

21.     Following the receipt of the Amended Claim for Refund, the IRS has not notified the Taxpayer or his representative of any action taken on it.

22.     By timely filing the Amended Claim for Refund with the IRS, the Taxpayer fully met the requirements of I.R.C. § 7422(a).

23.     Pursuant to I.R.C. § 6532(a)(1), a suit may be brought pursuant to I.R.C. § 7422(a) for the recovery of an Internal Revenue penalty following the expiration of six months from the date of filing of a Claim for Refund.  The six month period herein (commencing on January 11, 2019) has expired.  The statutory prerequisites for the bringing of this action have been fully satisfied.

24.     The IRS' assessment and collection of the penalty at issue herein, together with statutory interest, is erroneous and lacks any legal foundation.  The penalty should be abated in full.  The Plaintiffs should receive a full refund of the penalty, together with statutory interest.

## CLAIMS FOR RELIEF

### First Cause of Action

### (Refund and Abatement of the I.R.C. § 6677 Penalty)

25.    The Plaintiffs re-alleges and incorporates by reference all of the preceding allegations herein.

26.    Pursuant to I.R.C. § 7422, the Plaintiffs timely filed this civil action to recover a refund of the penalty paid by the Taxpayer in the amount of $3,221,183, together with statutory interest, and to seek abatement of the penalty in its entirety.

27.    The IRS has arbitrarily, erroneously and illegally assessed and collected the penalty in question for the reasons stated in this First Amended Complaint and in the Amended Claim for Refund which is incorporated herein by reference.

28.    The penalty assessed against the Taxpayer, pursuant to I.R.C. § 6677, is excessive and contrary to law.

29.    The Plaintiffs are entitled to recover statutory interest paid by the Taxpayer on the penalty, together with further statutory interest, as provided in I.R.C. § 2411.

30.    In assessing a 35% penalty, the IRS' position is based on its erroneous position that, pursuant to I.R.C. § 6048(c), the Taxpayer, as the beneficiary of the Trust, was subject to a 35% penalty on the amount of the trust distributions not timely reported in Form 3520.  In so asserting, the IRS ignored I.R.C. § 6048(b) which applies to the Taxpayer herein who was the grantor/owner of the Trust.  In these circumstances, any responsibility for the failure to timely report, in Form 3520, the 2007 distributions from the Trust fell on the grantor/owner under I.R.C. § 6048(b) - - not I.R.C. § 6048(c).  Under I.R.C. § 6048(b), only a 5% penalty may be imposed.

31.    The legislative history for I.R.C. § 6048(c) reflects that the 35% penalty was not

6

intended to be applied when a grantor trust distribution is made to a U.S. owner who was also the sole beneficiary of the trust. The reasons for these changes were explained by the Joint Committee on Taxation in its staff report ("Report"). *See*, Joint Committee on Taxation, General Explanation of Tax Legislation Enacted in the 104th Congress, at 267-273 (December 19, 1996). As set forth on page 269 ("Reasons for Change"), Congress believed that the U.S. grantor trust rules (under I.R.C. §§ 671-678) were being used as a vehicle to avoid the payment of tax by the use of a foreign trust. As explained in the Report, under the prior grantor trust rules, only the owner of the trust (<u>not</u> the trust beneficiary) was subject to U.S. tax on the trust's income. *Id.* Thus, if a non-resident alien created a foreign trust with a U.S. beneficiary, the prior grantor trust rules did not tax a distribution to the U.S. beneficiary. *Id.* If the alien's home country did not tax the income, the income would not be subject to tax either in the foreign country or the United States. *Id.* So that the trust's beneficiary would be required to include trust deductions in his/her taxable income, Congress amended I.R.C. § 6048(c) in 1996 to require annual reports by the beneficiary for any distributions; and provided that the amount of any distribution from a foreign trust was includable in the beneficiary's gross income as an accumulation distribution (unless adequate records were provided to determine the proper treatment of the distribution).

32. In the circumstances presented by the present case, the underlying rationale for the amendment to Code § 6048(c) does not apply. Mr. Wilson, as the U.S. owner/grantor, was <u>already</u> required to report all of the trust income in his taxable income in the first instance. A distribution to a grantor is non-taxable given that the owner of the grantor trust is required, in any event, to include all of the trust earnings in gross income regardless of whether there was an actual distribution from the trust. This treatment further indicates why Congress imposed a 35% penalty on a non-reported distribution to a beneficiary, who was not a grantor, but only a 5%

7

penalty on a distribution to the owner/grantor. The 1996 amendment to the Code, and the abuse it intended to prevent, did not apply to the circumstances presented herein.

33.     Under I.R.C. §§ 641-648, once a person is treated as the "owner" of any portion of a grantor trust, the trust's income is taxable to that person even if none of the income is distributed. Further, that person is <u>not</u> treated for any purpose as a beneficiary. Accordingly, since Mr. Wilson, as, the owner and grantor of the grantor trust, was required to include all of the trust's income in his reportable income in the year it was earned by the trust, it is irrelevant for tax purposes whether those earnings were later distributed by the Trust to Mr. Wilson. Since the Trust's distributions were <u>not</u> taxable events for Mr. Wilson, and the 2007 distributions were merely the repatriation of his own funds from outside the United States to his accounts in the United States, there is no legitimate rationale for the imposition of a 35% penalty for the failure to timely report those distributions as the Trust's beneficiary.

34.     I.R.C. § 6048(c) makes it clear that its provisions were <u>only</u> intended to apply to a beneficiary who was <u>not</u> also a grantor of the trust. I.R.C. § 6048(c) provides that if a United States person receives, during any taxable year, a distribution from a foreign trust, such person is to make a return with respect to such trust for such year which includes: the name of the trust; the aggregate amount of distributions received; and, such other information as the Secretary may prescribe. I.R.C. § 6048(c)(2) provides that in the case of distributions made by a foreign trust, (if adequate records are not provided, so that the Secretary can determine the proper treatment of any distribution), ". . . such distributions <u>shall</u> be treated as an accumulation distribution includible in the gross income of the distributee." (emphasis supplied). This has no application to an owner/grantor who is taxable each year on the trust's annual earnings in the first place. The accumulating distribution provisions have no application to an owner/grantor of the trust.

8

35.     The IRS has interpreted I.R.C. § 6048(c)(2) as applying to all distributions by a grantor trust to a beneficiary: "any distribution from a foreign trust whether from income or corpus, to a U.S. beneficiary will be treated as an accumulation distribution" (emphasis supplied). *See,* Notice 97-34, 1997-1 C.B. 422, 429. In contrast, the income of a grantor trust is includable, on an annual basis, in the taxable income of the grantor. *See*, I.R.C. § 671. Under the grantor trust statutory provisions, the grantor must include the trust's annual income in his/her own taxable income even if none of that income is distributed to the grantor.

36.     The accumulation distribution provisions of I.R.C. §§ 666 and 667, referenced in I.R.C. § 6048(c)(2), do not apply to the grantor. Instead, pursuant to I.R.C. §§ 665-668, they only pertain to the taxable income of a trust beneficiary who receives a trust distribution which exceeds the current income of the trust for that year. These provisions are known as the "throwback rules" under which a beneficiary receiving an accumulation distribution would be taxed as if the trust had made the distribution in the year in which it originally accumulated the income.

This reflects that I.R.C. § 6048(c) was not intended to apply to trust distributions made to the grantor. Otherwise, the accumulation distribution provision in I.R.C. § 6048(c)(2) would directly conflict with the statutory requirement that the grantor include all trust earnings in his/her annual taxable income. As a result, there is no conflict between the statutory provisions in I.R.C. §§ 6048(b) and (c). I.R.C. § 6048(c) can properly be read in tandem with I.R.C. § 6048(b) as well as with the grantor trust income tax provisions of the Code.

37.     As a separate matter, case law has correctly held that the IRS directives appearing in IRS forms and their instructions are binding on the IRS. *See*, *Wilkes v. United States*, 50

F. Supp. 2d 1281 (M.D. Fla. 1999), aff'd without op., 210 F.3d 394 (11th Cir. 2000). That interpretation should be binding on the IRS herein.

38. The Plaintiffs submit that the statutory authority for the IRS' requiring the annual filing of Form 3520 by the owner/grantor of a foreign trust, beginning in 1997 and continuing until the 2010 amendment of I.R.C. § 6048(b), was I.R.C. § 6048(b). Alternatively, the Plaintiffs contend that I.R.C. § 6001 provided the IRS with this statutory authority. Further, the Plaintiffs contend that, as provided in IRS' Chief Counsel Memorandum 201150029, no penalty is applicable to the late filing by Mr. Wilson of Form 3520 in 2007.

39. I.R.C. §6001 provided in pertinent part:

> Every person liable for any tax imposed by this title, or for the collections thereof, shall keep such records, render such statements, make such returns and comply with such rules and regulations as the Secretary may from time to time prescribe.

40. The 2007 Instructions for Form 3520 reflected that the IRS viewed I.R.C. § 6001 (as well as I.R.C. §§ 6011 and 6012(a)) as the statutory authority for the IRS to require a trust owner to file an annual Form 3520. Attachment A. These instructions stated (page 10):

> Our authority to ask for information is sections 6001, 6011, and 6012(a) and their regulations, which require you to file a return or statement with us for any tax for which you are liable. Your response is mandatory under these sections.

41. The IRS has previously recognized that I.R.C. § 6001 provided it with statutory authority to require taxpayers to file a new form or return it had created. For example, this was set out in I.R.S. Notice 2003-75. 2003-2 C.B. 1204, 2003 IRB Lexis 474. In this Notice, the IRS announced that, under the authority provided to it by I.R.C. § 6001, it had designed a new form that a U.S. citizen or resident alien was to file who held an interest in a RRSP (Canadian Registered Retirement Savings Plan) or a RRIF (Registered Retirement Savings Plan). The new

form was to be completed and attached to the taxpayer's Form 1040 rather than the information being included in Form 3520. In this notice, the IRS announced that there was to be a new reporting regime, effective for years beginning after December 31, 2002, "in lieu of the filing obligations under I.R.C § 6048 (Form 3520, *Annual Return to Report Transactions with Foreign Trusts and Receipt of Certain Foreign Gifts, and* Form 3520-A*, Annual Information Return of Foreign Trust With the U.S. Owner*)". This was Form 8891: *U.S. Information Return for Beneficiaries of Certain Canadian Registered Retirement Plans* (2004). The 2004 version of the form is publically available on the IRS' website at https://www.irs.gov/pub/irs-prior/f8891--2004.pdf.

42. Courts have uniformly recognized that I.R.C. § 6001 provides the IRS with authority to require that tax returns be filed "as the Secretary from time to time may prescribe." *See Otte v. United States*, 419 U.S. 43, 52 (1974) (I.R.C. §§ 6001 and 6011 relied on for the trustee's requirement to prepare and submit to wage claimants and to taxing authorities the reports and returns required of employers under the Internal Revenue Code); *Blumenfield v. United States*, 306 F.2d 892, 895 (8th Cir. 1962) (finding Commissioner was authorized under I.R.C. § 6001 to prescribe reasonable forms and regulations to facilitate the collection of the liquor stamp tax and the Commissioner did not exceed its authority in doing so); *Perkins v. Comm'r*, 262 F. App'x 119, 120 (11th Cir. 2008) (rejecting argument that the Commissioner was without authority to enforce the tax laws against the petitioner, holding that I.R.C. § 6001 gave the Commissioner the authority to keep such records and make such returns as the Commissioner may from time to time prescribe); *In re Hahn,* 200 B.R. 249, 251 (M.D. Fla. 1996) (under I.R.C. §§ 6001 and 6011, "Courts have continually recognized the authority to require the filing of tax returns").

43.     The Internal Revenue Code does not provide for a penalty for the late filing of a tax return authorized by I.R.C. § 6001.  The Plaintiffs submit that this led the IRS to state in its Chief Counsel Advisory Memorandum 201150029, 2011 IRS CCCA LEXIS 254 that: "A U.S. person treated as the owner of a foreign trust who fails to file Form 3520 when required under §6048(b) will be subject to a penalty for such failure only to respect to tax years beginning after March 18, 2010."  This is directly applicable to Mr. Wilson and his late filing of Form 3520 for 2007.  Accordingly, for this reason, standing alone, there should be no penalty for Mr. Wilson's late filing of Form 3520 for 2007.

44.     Should there be any ambiguity as to whether the reporting responsibility for a distribution received by a trust beneficiary, who was also the owner/grantor, fell on the owner/grantor in that capacity or on the owner/grantor as the beneficiary, then that ambiguity must be resolved in favor of the taxpayer.  That applies to the issues presented in this case.

45.     The Supreme Court, as well as numerous Circuit Courts, including the Second Circuit Court of Appeals, have <u>uniformly</u> held that a taxpayer cannot be subjected to a tax penalty <u>unless</u> the words of the statute <u>plainly</u> impose that penalty.  The Supreme Court has held that where a statute imposing a tax penalty is not clear as to whether the penalty may be imposed, or on whom it may be imposed, the ambiguity <u>must</u> be resolved in the taxpayer's favor. *See*, *Gould v. Gould*, 245 U.S. 151 (1917) and *Comm'r of Internal Revenue v. Acker*, 361 U.S. 87, 91 (1959) ("[t]he law is settled that 'penal statutes are to be construed strictly'").  The Second Circuit Court of Appeals has similarly held.  *See Exxon Mobil Corp. v. Comm'r*, 689 F.3d 191, 199 (2nd Cir. 2012) ("we are particularly mindful of the longstanding canon of construction that where 'the words [of a tax statute] are doubtful, the doubt must be resolved against the government and in favor of the taxpayer,'" quoting from, *United States v. Merriam,* 263 U.S.

12

179, 188 (1923).  *See also U.S. v. Marshall*, 798 F.3d 296, 318 (5th Cir. 2015)  ("if 'the words of a tax statute are doubtful, the doubt must be resolved against the government and in favor of the taxpayer.'").

46.     Forms 3520 and 3520-A for 2007, as well as their respective instructions, make it entirely clear that the IRS itself has interpreted I.R.C. §§ 6048(b) and (c) as imposing the reporting requirements for a trust distribution on the owner/grantor even though that individual is the same person as the beneficiary.

47.     The reporting obligations for a trust distribution, as detailed in the 2007 Forms 3520 and 3520-A, and their respective Instructions, were as follows:

a.     The instructions for Form 3520 appearing on page 1, para. no. 2, stated that the <u>owner</u> of any part of the assets of a foreign trust is required to complete the identifying information on page 1 of Form 3520 as well as Part II.  The "Penalties" section of the instructions, appearing on page 2, provided that if a U.S. owner fails to provide the required annual reports of "trust activities", the owner is subject to a 5% penalty of the gross value of trust assets.  "Trust Activities" include distributions by the trust.  The instructions for Part III (page 6) stated:

> If you received an amount from a portion of a foreign trust of which you are treated as the owner and you have correctly reported any information required on Part II and the trust has filed a Form 3520-A with the IRS, do not separately disclose distributions again in Part III.

13

b. Part III of Form 3520 requested information for distributions to a U.S. person. This information would have been provided by a beneficiary of the trust. However, as made clear by the introductory instructions to Part III, if the owner received a distribution from a foreign trust, and provided the required information under Part II, then the information requested in Part III need not be provided.

c. Line 22 of Form 3520 asked whether the foreign trust filed Form 3520-A for the current year. The 2007 instructions for Form 3520-A (page 1) specified that a foreign trust for the U.S. owner must file Form 3520-A, prepared by the trust, in order for the U.S. owner to satisfy his/her annual information reporting requirements under Code § 6048(b). If, for whatever reason, the trust did not file Form 3520-A, Line 22 required that the owner file a "substitute" Form 3520-A. In either event, Form 3520-A, lines 5 and 17, required full disclosure of any trust distribution. Those disclosure obligations fell squarely on the owner — _not_ the beneficiary.

d. Form 3520-A specified (in its heading) that it constituted an "Annual Information Return of Foreign Trust With a U.S. Owner." Line 17b required information on "Distributions to U.S. Owners", including the date of distributions and their fair market value. Line 17c required that the trust provide information on distributions to U.S. beneficiaries.

e. When there has been a trust distribution, the information required by Form 3520 is the _same_ for the grantor/owner as for a beneficiary. See, Form 3520, Part II (for US "Owner" and Part III ("Distributions to a US Person"). This information

14

need <u>not</u> be provided twice when the grantor/owner and beneficiary are the same individual. The instructions to Part III (page 6) clearly stated that, if a U.S. person received a distribution from a trust for which that person was treated as the owner (and the distribution was correctly reported in Part II and the trust had filed Form 3520A with the IRS), then "do not separately disclose distributions again in Part III."

f. The above disclosure obligations fell on the U.S. <u>owner</u> since a beneficiary had no obligation to file a Form 3520-A. As made clear by the introductory paragraph to the instructions for Form 3520-A ("Who Must File"), the owner was "responsible for ensuring that the foreign trust files Form 3520-A and furnishes the required annual statements to its U.S. owners and U.S. beneficiaries." If the foreign trust did not file a Form 3520-A, then the owner was directed to prepare a "Substitute" Form 3520-A and attach it to Form 3520. It is undisputed that the Trust herein did not file a Form 3520-A for 2007. Part I, Line 5, asked whether the trust transferred any property to another person during the tax year. The instructions for Line 5 required that there be an attached "statement" if there was any such transfer. The "statement" was required to include the U.S. taxpayer's identification number or residence of the person to whom the property was transferred, a general description of the property transferred, an identification of the parties to the transaction as well as a description of the property transferred, including its estimated fair market value and the adjusted basis of the property. The "statement" was also to include a description of the trust ownership structure setting forth the name and U.S. taxpayer identification number. All of these

disclosure obligations fell on the owner in that, once again, it was the owner who had the obligation to ensure that the trust completed this form.  Otherwise, the owner was obligated to prepare and file a "substitute" Form 3520-A containing the same information.  This was to be filed together with Form 3520.

g.  As further confirmation that it was Mr. Wilson's responsibility, as the owner, to report the 2007 trust distributions, a *pro-forma* Form 3520 return for Mr. Wilson for 2007 is appended hereto as Attachment B.  This return correctly reflects the manner in which the 2007 distributions from the Trust should have been reported according to Form 3520 itself and its instructions.  As reflected therein, the reporting should have been by Mr. Wilson as the owner – not the beneficiary.  As required by the instructions to Form 3520, Part II, Line 22, would have indicated that the foreign trust did not file Form 3520-A for the current year.  Therefore, as required by Line 22, a "Substitute Form 3520-A" was attached.  Part II, Line 23 states that the sum of $9,203,381 was the gross value of the portion of the foreign trust for which Mr. Wilson was treated as the owner.  In the "Substitute Form 3520-A", the attached statement, as required by Part I, Line 5, would have provided the information required by the instructions for Part I, Line 5. These appeared on page 3 of the instructions to Form 3520-A (right hand column). Pursuant to these instructions, this included: the name of the U.S. taxpayer and a general description of the property transferred, including the estimated fair market value.  The trust distributions are reported on the "Substitute" Form 3520-A, line 17(b).  The "Substitute" Form 3520-A is attached to Form 3520 pursuant to the

16

directive in its Part II, line 22 ("attach a substitute Form 3520-A for the foreign trust").

48. As set forth above, Forms 3520 and 3520-A, and their respective instructions, reflected the IRS' analysis and interpretations of Internal Revenue Code §§ 6001 and 6048(b) and (c). Those interpretations should be followed herein. A contrary position — that the reporting obligation fell on Mr. Wilson as the beneficiary under I.R.C. § 6048(c) — would conflict with the IRS' own analysis and interpretation of the Internal Revenue Code.

49. In addition to Form 3520 and its instructions, as early as 2003, the I.R.S. made it clear that the trust owner was required to file an annual Form 3520. *See, e*Notice 2003 – 25, 2003 IRB LEXIS 144, which stated in pertinent part:

> Internal Revenue I.R.C. §6048 requires information reporting with respect to certain foreign trusts. Persons subject to these information reporting rules must file Form 3520 . . . Form 3520 generally is filed on an annual basis on or before the due date for the U.S. owner's or U.S. beneficiary's income tax return

Further, the I.R.S. has stated that, prior to the 2010 amendment of I.R.C. §6048(b), it interpreted the Internal Revenue Code as providing it with authority to require the owner/grantor of a foreign trust to file an annual Form 3520. These statements appear in the Internal Revenue Manual ("IRM"). The IRM is the source for IRS policies, authorities and procedures. See, IRM 1.11.5.1.2, 2017 WL 7415395 (2017).

IRM 3.21.19.10, 2012 WL 7425702 (2012) (as in effect December 2012) stated, in pertinent part, in para. no. 2:

> Note: Beginning with 1997, Form 3520 and its instructions required U.S. Owners of a foreign trust to complete Part II of Form 3520 even if they did not have any transactions with the trust that were reportable on Parts I or III. However, this requirement was not explicitly stated in the Code. Recent legislation, effective for

17

tax years beginning after March 18, 2010, now codifies this requirement that a U.S. owner of a foreign trust must file a Form 3520 every year.

Reminder: Inform the U.S. Owner that they must complete the 2nd checkbox on page 1 of Form 3520, and Part II of the form.

This language was repeated verbatim in IRM 3.21.19.11 (Jan. 1, 2015) (as in effect December 2014 (page 2). The important "Note" language was once again repeated in IRM 3.21.19.12 (Nov. 10, 2015) (page 2) (as in effect December 2016).

50.     At no time has the IRS stated in any public document or publication that there was no statutory authority, prior to the 2010 amendment of I.R.C. § 6048(b), for it to require the owner/grantor of a foreign trust to file an annual Form 3520.

51.     Further, pursuant to I.R.C. § 6677(d), no penalty may be assessed or collected for the late filing of Form 3520 which is due to "reasonable cause". "Reasonable cause" existed for the Taxpayer's late filing of Form 3520 in 2007. Mr. Wilson was a retired businessman in his late-80s at the time. He was not aware of Form 3520 or any requirement that this form be filed. Mr. Wilson had never been advised that Form 3520 should be filed and was not aware of this requirement from any source.

52.     IRM 20.1.1.3.2.2.6 ("Ignorance of the Law") specifies in its subsection (1) that: "In some instances taxpayers may not be aware of specific obligations to file and/or pay taxes". In subsection (4), the I.R.M. provides that the taxpayer may have reasonable cause from noncompliance because of ignorance of the law if "A reasonable and good faith effort was made to comply with the law, or B. The Taxpayer was unaware of [the] requirement and could not reasonably be expected to know of the requirement." Mr. Wilson was not aware of any requirement to file Form 3520 for calendar year 2007 and could not reasonably have been expected to be aware of this requirement. Accordingly, no late filing penalty under Section 6677

18

should have been assessed.

53.     "Reasonable cause" existed for Mr. Wilson's failure to timely Form 3520 for calendar year 2007.  Accordingly, no penalty should have been assessed or collected.

## PRAYER FOR RELIEF

Wherefore, for the above stated reasons, the Plaintiffs submit that this Court should:

(1)     Determine that the penalty at issue herein, together with statutory interest, was arbitrary, erroneous and contrary to law and should be abated in full;

(2)     Determine that the Plaintiffs are entitled to a refund of the $3,221,183 penalty paid by the Taxpayer, together with statutory interest thereon, as provided by law;

(3)     Determine that the Plaintiffs are entitled to an award of reasonable attorney's fees and expenses incurred by reason of this action.

(4)     Provide such other and further relief as to which the Plaintiffs are entitled.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so properly triable.

Date: November 12, 2021        Respectfully submitted,

/s/ Robert M. Adler
Robert M. Adler
Nossaman LLP
1401 New York Ave.
Suite 800
Washington, D.C. 20005
(202) 887-1428
(202) 466-3215 Facsimile

Gary Redish
Michael Cohen
Winne Banta, Basralian, & Kahn, P.C.
21 Main Street
Court Plaza South – West Wing
Hackensack, NJ 07601

(201) 487-3800
(201) 487-8529 Facsimile

*Counsel for Emily S. Wilson, as*
*Executor of the Estate of Joseph A. Wilson*
*and the Estate of Joseph A. Wilson*

60120609.v1

# **ATTACHMENT A**


# Instructions for Form 3520

## Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts

Section references are to the Internal Revenue Code unless otherwise noted.

# General Instructions

## Purpose of Form

U.S. persons (and executors of estates of U.S. decedents) file Form 3520 to report:
- Certain transactions with foreign trusts and
- Receipt of certain large gifts or bequests from certain foreign persons.

A separate Form 3520 must be filed for transactions with **each** foreign trust.

## Who Must File

File Form 3520 if:

1. You are the responsible party for reporting a reportable event that occurred during the current tax year, or you held an outstanding obligation of a related foreign trust (or a person related to the trust) that you treated as a qualified obligation during the current tax year. Responsible party, reportable event, and qualified obligation are defined on pages 3 and 4.

Complete the identifying information on page 1 of the form and the relevant portions of Part I. See the instructions for Part I.

2. You are a U.S. person who, during the current tax year, is treated as the owner of any part of the assets of a foreign trust under the grantor trust rules.

Complete the identifying information on page 1 of the form and Part II. See the instructions for Part II.

3. You are a U.S. person who received (directly or indirectly) a distribution from a foreign trust during the current tax year **or** a related foreign trust held an outstanding obligation issued by you (or a person related to you) that you treated as a qualified obligation (defined on page 3) during the current tax year.

Complete the identifying information on page 1 of the form and Part III. See the instructions for Part III.

4. You are a U.S. person who, during the current tax year, received either:

a. More than $100,000 from a nonresident alien individual or a foreign estate (including foreign persons related to that nonresident alien individual or foreign estate) that you treated as gifts or bequests; or

b. More than $13,258 from foreign corporations or foreign partnerships (including foreign persons related to such foreign corporations or foreign partnerships) that you treated as gifts.

Complete the identifying information on page 1 of the form and Part IV. See the instructions for Part IV.

**Note.** You may also be required to file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts.

## Exceptions To Filing

Form 3520 does not have to be filed to report the following transactions.
- Transfers to foreign trusts described in sections 402(b), 404(a)(4), or 404A.
- Most fair market value (FMV) transfers by a U.S. person to a foreign trust. However, some FMV transfers must nevertheless be reported on Form 3520 (e.g., transfers in exchange for obligations that are treated as qualified obligations, transfers of appreciated property to a foreign trust for which the U.S. transferor does not immediately recognize all of the gain on the property transferred, transfers involving a U.S. transferor that is related to the foreign trust). See Section III of Notice 97-34, 1997-25 I.R.B. 22.
- Transfers to foreign trusts that have a current determination letter from the IRS recognizing their status as exempt from income taxation under section 501(c)(3).
- Transfers to, ownership of, and distributions from a Canadian registered retirement savings plan (RRSP) or a Canadian registered retirement income fund (RRIF), where the U.S. citizen or resident alien holding an interest in such RRSP or RRIF is eligible to file Form 8891, U.S. Information Return for Beneficiaries of Certain Canadian Registered Retirement Plans, with respect to the RRSP or RRIF.
- Distributions from foreign trusts that are taxable as compensation for services rendered (within the meaning of section 672(f)(2)(B) and its regulations), so long as the recipient reports the distribution as compensation income on its applicable federal income tax return.
- Distributions from foreign trusts to domestic trusts that have a current determination letter from the IRS recognizing their status as exempt from income taxation under section 501(c)(3).
- Domestic trusts that become foreign trusts to the extent the trust is treated as owned by a foreign person, after application of section 672(f).

## Joint Returns

Two transferors or grantors of the same foreign trust, or two U.S. beneficiaries of the same foreign trust, may file a joint Form 3520, but only if they file a joint income tax return.

## Additional Reporting Information

For more information on foreign trust reporting, including abusive foreign trust schemes, go to the IRS website at *www.irs.gov.*

## When and Where To File

In general, Form 3520 is due on the date that your income tax return is due, including extensions. In the case of a Form 3520 filed with respect to a U.S. decedent, Form 3520 is due on the date that the estate tax return is due (or would be due if the estate were required to file a return), including extensions. Send Form 3520 to the Internal Revenue Service Center, P.O. Box 409101, Ogden, UT 84409.

Form 3520 must have all required attachments to be considered complete.

**Note.** If a complete Form 3520 is not filed by the due date, including extensions, the time for assessment of any tax imposed with respect to any event or period to which the information required to be reported in Parts I through III of such Form 3520 relates, will not expire before the date that is 3 years after the date on which the required information is reported. See section 6501(c)(8).

## Who Must Sign

If the return is filed by:
• An individual or a fiduciary, it must be signed and dated by that individual or fiduciary.
• A partnership, it must be signed and dated by a general partner or limited liability company member.
• A corporation, it must be signed and dated by the president, vice president, treasurer, assistant treasurer, chief accounting officer, or any other corporate officer (such as a tax officer) who is authorized to sign.

The paid preparer must complete the required preparer information and:
• Sign the return in the space provided for the preparer's signature.
• Give a copy of the return to the filer.

## Inconsistent Treatment of Items

The U.S. beneficiary and U.S. owner's tax return must be consistent with the Form 3520-A, Annual Information Return of Foreign Trust With a U.S. Owner, filed by the foreign trust unless you report the inconsistency to the IRS. If you are treating items on your tax return differently from the way the foreign trust treated them on its return, file Form 8082, Notice of Inconsistent Treatment or Administrative Adjustment Request (AAR). See Form 8082 for more details.

## Penalties

A penalty generally applies if Form 3520 is not timely filed or if the information is incomplete or incorrect. Generally, the penalty is:
• 35% of the gross value of any property transferred to a foreign trust for failure by a U.S. transferor to report the transfer,
• 35% of the gross value of the distributions received from a foreign trust for failure by a U.S. person to report receipt of the distribution, or
• 5% of the amount of certain foreign gifts for each month for which the failure to report continues (not to exceed a total of 25%). See section 6039F(c).

If a foreign trust has a U.S. owner and the trust fails to file the required annual reports on trust activities and income, the U.S. owner is subject to a penalty equal to 5% of the gross value of the portion of the trust's assets treated as owned by the U.S. person (the gross reportable amount). See Form 3520-A.

Additional penalties may be imposed if noncompliance continues after the IRS mails a notice of failure to comply with required reporting. However, this penalty may not exceed the gross reportable amount. Also, penalties will only be imposed to the extent that the transaction is not reported. For example, if a U.S. person transfers property worth $1 million to a foreign trust but only reports $400,000 of that amount, penalties could only be imposed on the unreported $600,000.

For more information, see section 6677.

**Reasonable cause.** No penalties will be imposed if the taxpayer can demonstrate that the failure to comply was due to reasonable cause and not willful neglect.

**Note.** The fact that a foreign country would impose penalties for disclosing the required information is not reasonable cause. Similarly, reluctance on the part of a foreign fiduciary or provisions in the trust instrument that prevent the disclosure of required information is not reasonable cause.

## Definitions

### Distribution

A distribution is any gratuitous transfer of money or other property from a trust, whether or not the trust is treated as owned by another person under the grantor trust rules, and without regard to whether the recipient is designated as a beneficiary by the terms of the trust. A distribution includes the receipt of trust corpus and the receipt of a gift or bequest described in section 663(a).

A distribution also includes constructive transfers from a trust. For example, if charges you make on a credit card are paid by a foreign trust or guaranteed or secured by the assets of a foreign trust, the amount charged will be treated as a distribution to you by the foreign trust. Similarly, if you write checks on a foreign trust's bank account, the amount will be treated as a distribution.

Also, if you receive a payment from a foreign trust in exchange for property transferred to the trust or services rendered to the trust, and the FMV of the payment received exceeds the FMV of the property transferred or services rendered, the excess will be treated as a distribution to you.

**Examples**

1. If you sell stock with an FMV of $100 to a foreign trust and receive $150 in exchange, you have received a distribution of $50.
2. If you receive $100 from the trust for services performed by you for the trust, and the services have an FMV of $20, you have received a distribution of $80.

See the instructions for Part III, line 25, on page 6, for another example of a distribution from a foreign trust.

### Foreign Trust and Domestic Trust

A foreign trust is any trust other than a domestic trust.

A domestic trust is any trust if:

1. A court within the United States is able to exercise primary supervision over the administration of the trust; and
2. One or more U.S. persons have the authority to control all substantial decisions of the trust.

### Grantor

A grantor includes any person who creates a trust or directly or indirectly makes a gratuitous transfer of cash or other property to a trust. A grantor includes any person treated as the owner of any part of a foreign trust's assets under sections 671 through 679, excluding section 678.

**Note.** If a partnership or corporation makes a gratuitous transfer to a trust, the partners or shareholders are generally treated as the grantors of the trust, unless the partnership or corporation made the transfer for a business purpose of the partnership or corporation.

If a trust makes a gratuitous transfer to another trust, the grantor of the transferor trust is treated as the grantor of the transferee trust, except that if a person with a general power of appointment over the transferor trust exercises that power in favor of another trust, such person is treated as the

grantor of the transferee trust, even if the grantor of the transferor trust is treated as the owner of the transferor trust.

## Grantor Trust

A grantor trust is any trust to the extent that the assets of the trust are treated as owned by a person other than the trust. See the grantor trust rules in sections 671 through 679. A part of the trust may be treated as a grantor trust to the extent that only a portion of the trust assets are owned by a person other than the trust.

## Gratuitous Transfer

A gratuitous transfer to a foreign trust is any transfer to the trust other than (a) a transfer for FMV or (b) a distribution to the trust with respect to an interest held by the trust (i) in an entity other than a trust (e.g., a corporation or a partnership) or (ii) in an investment trust described in Regulations section 301.7701-4(c), a liquidating trust described in Regulations section 301.7701-4(d), or an environmental remediation trust described in Regulations section 301.7701-4(e).

A transfer of property to a trust may be considered a gratuitous transfer without regard to whether the transfer is a gift for gift tax purposes (see Chapter 12 of Subtitle B of the Code).

For purposes of this determination, if a U.S. person contributes property to a trust in exchange for any type of interest in the trust, such interest in the trust will be disregarded in determining whether FMV has been received. In addition, a U.S. person will not be treated as making a transfer for FMV merely because the transferor is deemed to recognize gain on the transaction.

If you transfer property to a foreign trust in exchange for an obligation of the trust (or a person related to the trust), it will be a gratuitous transfer unless the obligation is a qualified obligation. Obligation and qualified obligation are defined below.

## Gross Reportable Amount

Gross reportable amount is:
• The gross value of property involved in the creation of a foreign trust or the transfer of property to a foreign trust (including a transfer by reason of death);
• The gross value of any portion of a foreign trust treated as owned by a U.S. person under the grantor trust rules or any part of a foreign trust that is included in the gross estate of a U.S. citizen or resident;
• The gross value of assets deemed transferred at the time a domestic trust to which a U.S. citizen or resident previously transferred property becomes a foreign trust, provided such U.S. citizen or resident is alive at the time the trust becomes a foreign trust (see section 679(a)(5)); or
• The gross amount of distributions received from a foreign trust.

## Gross Value

Gross value is the FMV of property as determined under section 2031 and its regulations as if the owner had died on the valuation date. Although formal appraisals are not generally required, you should keep contemporaneous records of how you arrived at your good faith estimate.

## Guarantee

A guarantee:
• Includes any arrangement under which a person, directly or indirectly, assures, on a conditional or unconditional basis, the payment of another's obligation;
• Encompasses any form of credit support, and includes a commitment to make a capital contribution to the debtor or otherwise maintain its financial viability; or

• Includes an arrangement reflected in a "comfort letter," regardless of whether the arrangement gives rise to a legally enforceable obligation. If an arrangement is contingent upon the occurrence of an event, in determining whether the arrangement is a guarantee, you must assume that the event has occurred.

## Nongrantor Trust

A nongrantor trust is any trust to the extent that the assets of the trust are not treated as owned by a person other than the trust. Thus, a nongrantor trust is treated as a taxable entity. A trust may be treated as a nongrantor trust with respect to only a portion of the trust assets. See *Grantor Trust* above.

## Obligation

An obligation includes any bond, note, debenture, certificate, bill receivable, account receivable, note receivable, open account, or other evidence of indebtedness, and, to the extent not previously described, any annuity contract.

## Owner

An owner of a foreign trust is the person that is treated as owning any of the assets of a foreign trust under the grantor trust rules.

## Property

Property means any property, whether tangible or intangible, including cash.

## Qualified Obligation

A qualified obligation, for purposes of this form, is any obligation only if:
1. The obligation is reduced to writing by an express written agreement;
2. The term of the obligation does not exceed 5 years (including options to renew and rollovers) and it is repaid within the 5-year term;
3. All payments on the obligation are denominated in U.S. dollars;
4. The yield to maturity of the obligation is not less than 100% of the applicable federal rate under section 1274(d) for the day on which the obligation is issued and not greater than 130% of the applicable federal rate;
5. The U.S. person agrees to extend the period for assessment of any income or transfer tax attributable to the transfer and any consequential income tax changes for each year that the obligation is outstanding, to a date not earlier than 3 years after the maturity date of the obligation, unless the maturity date of the obligation does not extend beyond the end of the U.S. person's tax year and is paid within such period (this is done on Part I, Schedule A, and Part III, as applicable); and
6. The U.S. person reports the status of the obligation, including principal and interest payments, on Part I, Schedule C, and Part III, as applicable, for each year that the obligation is outstanding.

## Related Person

A related person generally includes any person who is related to you for purposes of section 267 and 707(b). This includes, but is not limited to:
• A member of your family—your brothers and sisters, half-brothers and half-sisters, spouse, ancestors (parents, grandparents, etc.), lineal descendants (children, grandchildren, etc.), and the spouses of any of these persons.
• A corporation in which you, directly or indirectly, own more than 50% in value of the outstanding stock.

See section 643(i)(2)(B) and the regulations under sections 267 and 707(b).

**Person related to a foreign trust.** A person is related to a foreign trust if such person, without regard to the transfer at issue, is a grantor of the trust, a beneficiary of the trust, or is related to any grantor or beneficiary of the trust. See the definition of related person on page 3.

## Reportable Event

A reportable event includes:

1. The creation of a foreign trust by a U.S. person.
2. The transfer of any money or property, directly or indirectly, to a foreign trust by a U.S. person, including a transfer by reason of death. This includes transfers that are deemed to have occurred under sections 679(a)(4) and (5).
3. The death of a citizen or resident of the United States if:

● The decedent was treated as the owner of any portion of a foreign trust under the grantor trust rules or

● Any portion of a foreign trust was included in the gross estate of the decedent.

## Responsible Party

Responsible party means:

● The grantor in the case of the creation of an inter vivos trust,

● The transferor, in the case of a reportable event (defined above) other than a transfer by reason of death, or

● The executor of the decedent's estate in any other case (whether or not the executor is a U.S. person).

## U.S. Agent

A U.S. agent is a U.S. person (defined below) that has a binding contract with a foreign trust that allows the U.S. person to act as the trust's authorized U.S. agent in applying sections 7602, 7603, and 7604 with respect to:

● Any request by the IRS to examine records or produce testimony related to the proper U.S. tax treatment of amounts distributed, or required to be taken into account under the grantor trust rules, with respect to a foreign trust; or

● Any summons by the IRS for such records or testimony.

A U.S. grantor, a U.S. beneficiary, or a domestic corporation controlled by the grantor or beneficiary may act as a U.S. agent. However, you may not treat the foreign trust as having a U.S. agent unless you enter the name, address, and taxpayer identification number of the U.S. agent on lines 3a through 3g. See *Identification numbers* on page 5.

If the person identified as the U.S. agent does not produce records or testimony when requested or summoned by the IRS, the IRS may redetermine the tax consequences of your transactions with the trust and impose appropriate penalties under section 6677.

The agency relationship must be established by the time the U.S. person files Form 3520 for the relevant tax year and must continue as long as the statute of limitations remains open for the relevant tax year. If the agent resigns or liquidates, or its responsibility as an agent of the trust is terminated, see Section IV(B) of Notice 97-34.

## U.S. Beneficiary

A U.S. beneficiary generally includes any U.S. person that could possibly benefit (directly or indirectly) from the trust (including an amended trust) at any time, whether or not the person is named in the trust instrument as a beneficiary and whether or not the person can receive a distribution from the trust in the current year. In addition, a U.S. beneficiary includes:

● A foreign corporation that is a controlled foreign corporation (as defined in section 957(a)),

● A foreign partnership if a U.S. person is a partner of the partnership, and

● A foreign estate or trust if the estate or trust has a U.S. beneficiary.

A foreign trust will be treated as having a U.S. beneficiary unless the terms of the trust instrument specifically prohibit any distribution of income or corpus to a U.S. person at any time, even after the death of the U.S. transferor, and the trust cannot be amended or revised to allow such a distribution.

## U.S. Person

A U.S. person is:

● A citizen or resident alien of the United States (see Pub. 519, U.S. Tax Guide for Aliens, for guidance on determining resident alien status),

● A domestic partnership,

● A domestic corporation,

● Any estate (other than a foreign estate, within the meaning of section 7701(a)(31)(A)), and

● Any domestic trust (defined on page 2).

## U.S. Transferor

A U.S. transferor is any U.S. person who:

1. Creates or settles a foreign trust.
2. Directly or indirectly transfers money or property to a foreign trust. This includes a U.S. citizen or resident who has made a deemed transfer under section 679(a)(4) or a U.S. resident who has made a deemed transfer under section 679(a)(5).
3. Makes a sale to a foreign trust if the sale was at other than arm's-length terms or was to a related foreign trust, or makes (or guarantees) a loan to a related foreign trust.
4. Is the executor of the estate of a U.S. person and:

a. The decedent made a testamentary transfer (a transfer by reason of death) to a foreign trust,

b. Immediately prior to death, the decedent was treated as the owner of any portion of a foreign trust under the grantor trust rules, or

c. Any portion of a foreign trust's assets were included in the estate of the decedent.

Generally, the person defined as the transferor is the responsible party (defined above) who must ensure that required information be provided or pay appropriate penalties.

# Specific Instructions

## Period Covered

File the 2007 return for calendar year 2007 and fiscal years that begin in 2007 and end in 2008. For a fiscal year, fill in the tax year space at the top of the form.

## Item A—Initial Return, Final Return, Amended Return

**Initial return.** If this is the first return you are filing concerning the foreign trust identified, check the "Initial return" box.

**Final return.** If no further returns for transactions with the foreign trust are required, check the "Final return" box.

*Example.* If you annually filed Part II, Form 3520, because you were the owner of the trust for U.S. income tax purposes and the trust has terminated within the tax year,

that year's return would be a final return with respect to that foreign trust.

**Amended return.** If this Form 3520 is filed to amend a Form 3520 that you previously filed, check the "Amended return" box.

## Identifying Information

**Service Center.** Generally, enter the name of the Service Center where you file your income tax return. However, if you are an executor filing a Form 3520 with respect to a U.S. decedent, provide both the name of the Service Center where the decedent's final income tax return will be filed, and the name of the Service Center where the estate tax return will be filed. Please enter the information as follows. First enter the name of the Service Center where the decedent's final income tax return will be filed. Then enter the name of the Service Center where the estate tax return will be filed, followed by "(estate tax return)."

If your income tax return is filed electronically, enter "e-filed."

**Identification numbers.** Use social security numbers or individual taxpayer identification numbers to identify individuals. Use employer identification numbers to identify estates, trusts, partnerships, and corporations.

 *Do not enter a preparer tax identification number (PTIN) in any entry space on Form 3520 other than the entry space for "Preparer's SSN or PTIN" at the bottom of page 1 of the form.*

**Address.** Include the suite, room, or other unit number after the street address. If the post office does not deliver mail to the street address and the U.S. person has a P.O. box, show the box number instead.

**Foreign address.** Do **not** abbreviate the country name.

**Line 1.** This line identifies the person that is filing Form 3520. If you and your spouse are both making transfers to the same trust and you file joint returns, you may file only one Form 3520. Put the names and taxpayer identification numbers in the same order as they appear on your Form 1040.

**Line 4.** If you are the executor of the estate of a U.S. citizen or resident, you must provide information about the decedent on lines 4a through 4e. You must also check the applicable box on line 4f to indicate which of the following applies: the U.S. decedent made a transfer to a foreign trust by reason of death, the U.S. decedent was treated as the owner of a portion of a foreign trust immediately prior to death, or the estate of the U.S. decedent included assets of a foreign trust.

## Part I—Transfers by U.S. Persons to a Foreign Trust During the Current Tax Year

Complete Part I for information on a reportable event (defined on page 4).

**Note.** Although the basic reporting requirements for Form 3520 are contained in section 6048 (and are clarified by Notice 97-34), the reporting requirements have been clarified by the regulations under sections 679 and 684. Accordingly, the regulations under sections 679 and 684 should be referred to for additional clarification for transfers that are required to be reported in Part I of Form 3520.

**Line 5.** If you are not the trust creator, enter the name of the person that created or originally settled the foreign trust.

**Line 6.** See the list of country codes on pages 11, 12, and 13. If the country is not included in the list, enter "OC" for "other country" and enter the country's name.

**Lines 7, 8, and 10.** If you are reporting multiple transfers to a single foreign trust and the answers to lines 7, 8, or 10 are different for various transfers, complete a separate line for each transfer on duplicate copies of the relevant pages of the form.

**Line 7a.** If "Yes," you must comply with the reporting requirements that would apply to a direct transfer to that other person. For example, if that other person is a foreign partnership, you must comply with the reporting requirements for transfers to foreign partnerships (see Form 8865, Return of U.S. Persons With Respect to Certain Foreign Partnerships).

**Line 8.** If the transfer was a completed gift (see Regulations section 25.2511-2) or bequest, you may have to file Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return, or Form 709, United States Gift (and Generation-Skipping Transfer) Tax Return.

**Line 9.** See definition of U.S. beneficiary on page 4.

**Line 10.** If you are treated as the owner of any portion of the foreign trust under the grantor trust rules, answer "Yes" to this question and complete Part II.

## Schedule A—Obligations of a Related Trust

**Line 11a.** The FMV of an obligation of the trust (or an obligation of another person related to the trust) that you receive in exchange for the transferred property equals zero, unless the obligation meets the requirements of a qualified obligation. See page 3 for the definitions of obligation and qualified obligation. See page 4 for the definition of person related to a foreign trust.

**Lines 12 and 26.** If you answered "Yes" to the question on line 11b (line 25, column (e)) with respect to any obligation, you generally must answer "Yes" to the question on line 12 (line 26). By so doing, you agree to extend the period of assessment of any income or transfer tax attributable to the transfer and any consequential income tax changes for each year that the obligation is outstanding. This form will be deemed to be agreed upon and executed by the IRS for purposes of Regulations section 301.6501(c)-1(d).

If you answer "No" to the question on line 12 (line 26), you generally may not treat an obligation as a qualified obligation on line 11b (line 25, column (e)). The one exception to this is if the maturity date of the obligation does not extend beyond the end of your tax year for which you are reporting and such obligation is paid within that tax year.

## Schedule B—Gratuitous Transfers

Complete the applicable portions of Schedule B with respect to all reportable events (defined on page 4) that took place during the current tax year.

**Line 13**
● In your description, indicate whether the property is tangible or intangible.
● You may aggregate transfers of cash during the year on a single line of line 13.
● If there is not enough space on the form, please attach a statement.
● For transfers reported on attachments, you must enter "Attachment" on one of the lines in column (b), and enter the total amount of transfers reported on the attachment on line 13, columns (c), (d), (e), (f), (h), and (i).

**Note.** Penalties may be imposed for failure to report all required information. See *Penalties* on page 2.

**Line 13, column (e).** Only include gain that is immediately recognized at the time of the transfer.

**Note.** For any transfer by a U.S. person to a foreign nongrantor trust after August 4, 1997, the transfer is treated as a sale or exchange and the transferor must recognize as

a gain the excess of the FMV of the transferred property over its adjusted basis. Although the gain is not recognized on Form 3520, it must be reported on the appropriate form or schedule of the transferor's income tax return. See section 684.

**Line 13, column (f).** Generally, if the reported transaction is a sale, you should report the gain on the appropriate form or schedule of your income tax return.

**Line 15.** Enter the name, address, whether the person is a U.S. beneficiary (defined on page 4), and taxpayer identification number, if any, of all reportable beneficiaries. Include specified beneficiaries, classes of discretionary beneficiaries, and names or classes of any beneficiaries that could be named as additional beneficiaries. If there is not enough space on the form, please attach a statement.

**Line 17.** Enter the name, address, and taxpayer identification number (if any) of any person, other than those listed on line 16, that has significant powers over the trust (e.g., "protectors," "enforcers," any person that must approve trustee decisions or otherwise direct trustees, any person with a power of appointment, any person with powers to remove or appoint trustees, etc.). Include a description of each person's powers. If there is not enough space, attach a statement.

**Line 18.** If you checked "No" on line 3 (or you did not complete lines 3a through 3g) attach:
- A summary of the terms of the trust that includes a summary of any oral agreements or understandings you have with the trustee, whether or not legally enforceable.
- A copy of all trust documents (and any revisions), including the trust instrument, any memoranda of wishes prepared by the trustees summarizing the settlor's wishes, any letter of wishes prepared by the settlor summarizing his or her wishes, and any similar documents.
- A copy of the trust's financial statements, including a balance sheet and an income statement similar to those shown on Form 3520-A. These financial statements must reasonably reflect the trust's accumulated income under U.S. income tax principles. For example, the statements must not treat capital gains as additions to trust corpus.

## Schedule C—Qualified Obligations Outstanding in the Current Tax Year

**Line 19.** Provide information on the status of outstanding obligations of the foreign trust (or person related to the foreign trust) that you reported as a qualified obligation in the current tax year. This information is required in order to retain the obligation's status as a qualified obligation. If relevant, attach a statement describing any changes in the terms of the qualified obligation.

If the obligation fails to retain the status of a qualified obligation, you will be treated as having made a gratuitous transfer to the foreign trust, which must be reported on Schedule B, Part I. See Section III(C)(2) of Notice 97-34.

## Part II—U.S. Owner of a Foreign Trust

Complete Part II if you are considered the owner of any assets of a foreign trust under the grantor trust rules during the tax year. You are required to enter a taxpayer identification number for such foreign trust on line 2b.

**Line 20.** Enter information regarding any person other than yourself who is considered the owner of any portion of the trust under the grantor trust rules. Also, enter in column (e) the specific Code section that causes that person to be considered an owner for U.S. income tax purposes. See the grantor trust rules under sections 671 through 679.

**Line 21.** See the list of country codes on pages 11, 12, and 13. If the country is not included in the list, enter "OC" for "other country" and the country's name.

**Line 22.** If "Yes," the copy of the Foreign Grantor Trust Owner Statement (page 3 of Form 3520-A) should show the amount of the foreign trust's income that is attributable to you for U.S. income tax purposes. See Section IV of Notice 97-34.

If "No," you may be liable for a penalty of 5% of the trust assets that you are treated as owning, plus additional penalties for continuing failure to file after notice by the IRS. See section 6677. Also see *Penalties* on page 2.

**Line 23.** Enter the FMV of the trust assets that you are treated as owning. Include all assets at FMV as of the end of the tax year. For this purpose, disregard all liabilities. The trust should send you this information in connection with its Form 3520-A. If you did not receive such information (line 9 of the Foreign Grantor Trust Owner Statement) from the trust, complete line 23 to the best of your ability. At a minimum, include the value of all assets that you have transferred to the trust. Also use Form 8082 to notify the IRS that you did not receive a Foreign Grantor Trust Owner Statement. However, filing Form 8082 does not relieve you of any penalties that may be imposed under section 6677. See *Penalties* on page 2.

## Part III—Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year

If you received an amount from a portion of a foreign trust of which you are treated as the owner and you have correctly reported any information required on Part II and the trust has filed a Form 3520-A with the IRS, do not separately disclose distributions again in Part III. If you received an amount from a foreign trust that would require a report under both Parts III and IV (gifts and bequests) of Form 3520, report the amount only in Part III.

**Line 24.** Report any cash or other property that you received (actually or constructively, directly or indirectly) during the current tax year, from a foreign trust, whether or not taxable, unless the amount is a loan to you from the trust that must be reported on line 25. For example, if you are a partner in a partnership that receives a distribution from a foreign trust, you must report your allocable share of such payment as an indirect distribution from the trust.

*Line 24, column (c).* The filer is permitted to enter the basis of the property in the hands of the beneficiary (as determined under section 643(e)(1)), if lower than the FMV of the property, but only if the taxpayer is not required to complete Schedule A (lines 31 through 38) due to lack of documentation. For these purposes, lack of documentation refers to a situation in which the filer checked "No" on line 29 or 30 because (a) the beneficiary did not receive a Foreign Grantor Trust Beneficiary Statement or a Foreign Nongrantor Trust Beneficiary Statement from the trust or (b) such statement did not contain all six of the items specified under the instructions for line 29 or line 30 on page 7.

**Line 25.** If you, or a person related to you, received a loan from a related foreign trust, it will be treated as a distribution to you unless the obligation you issued in exchange is a qualified obligation.

For this purpose, a loan to you by an unrelated third party that is guaranteed by a foreign trust is generally treated as a loan from the trust.

*Line 25, column (e).* Answer "Yes" if your obligation given in exchange for the loan is a qualified obligation (defined on page 3).

**Line 26.** See *Lines 12 and 26* on page 5.

**Line 27.** Penalties may be imposed for failure to accurately report all distributions received during the current tax year. See *Penalties* on page 2.

**Line 28.** Provide information on the status of any outstanding obligation to the foreign trust that you reported as a qualified obligation in the current tax year. This information is required in order to retain the obligation's status as a qualified obligation. If relevant, attach a statement describing any changes to the terms of the qualified obligation. If the obligation fails to retain the status of a qualified obligation, you will be treated as having received a distribution from the foreign trust, which must be reported as such on line 25. See Section V(A) of Notice 97-34.

**Lines 29 and 30.** If any of the six items required for the Foreign Grantor Trust Beneficiary Statement (see *Line 29* below) or for the Foreign Nongrantor Trust Beneficiary Statement (see *Line 30* below) is missing, you must check "No" on line 29 or line 30, as applicable.

Also, if you answer "Yes" to line 29 or line 30, and the foreign trust or U.S. agent does not produce records or testimony when requested or summoned by the IRS, the IRS may redetermine the tax consequences of your transactions with the trust and impose appropriate penalties under section 6677.

**Line 29.** If "Yes," attach the Foreign Grantor Trust Beneficiary Statement (page 4 of Form 3520-A) from the foreign trust and do not complete the rest of Part III with respect to the distribution. If a U.S. beneficiary receives a complete Foreign Grantor Trust Beneficiary Statement with respect to a distribution during the tax year, the beneficiary should treat the distribution for income tax purposes as if it came directly from the owner. For example, if the distribution is a gift, the beneficiary should not include the distribution in gross income.

In addition to basic identifying information (i.e., name, address, TIN, etc.) about the foreign trust and its trustee, this statement must contain these items:

1. The first and last day of the tax year of the foreign trust to which this statement applies.

2. An explanation of the facts necessary to establish that the foreign trust should be treated for U.S. tax purposes as owned by another person. (The explanation should identify the Code section that treats the trust as owned by another person.)

3. A statement identifying whether the owner of the trust is an individual, corporation, or partnership.

4. A description of property (including cash) distributed or deemed distributed to the U.S. person during the tax year, and the FMV of the property distributed.

5. A statement that the trust will permit either the IRS or the U.S. beneficiary to inspect and copy the trust's permanent books of account, records, and such other documents that are necessary to establish that the trust should be treated for U.S. tax purposes as owned by another person. This statement is not necessary if the trust has appointed a U.S. agent.

6. A statement as to whether the foreign trust has appointed a U.S. agent (defined on page 4). If the trust has a U.S. agent, include the name, address, and taxpayer identification number of the agent.

**Line 30.** If "Yes," attach the Foreign Nongrantor Trust Beneficiary Statement from the foreign trust. A Foreign Nongrantor Trust Beneficiary Statement must include the following items:

1. An explanation of the appropriate U.S. tax treatment of any distribution or deemed distribution for U.S. tax purposes, or sufficient information to enable the U.S. beneficiary to establish the appropriate treatment of any distribution or deemed distribution for U.S. tax purposes.

2. A statement identifying whether any grantor of the trust is a partnership or a foreign corporation. If so, attach an explanation of the relevant facts.

3. A statement that the trust will permit either the IRS or the U.S. beneficiary to inspect and copy the trust's permanent books of account, records, and such other documents that are necessary to establish the appropriate treatment of any distribution or deemed distribution for U.S. tax purposes. This statement is not necessary if the trust has appointed a U.S. agent.

4. The Foreign Nongrantor Trust Beneficiary Statement must also include items 1, 4, and 6, as listed for line 29 above as well as basic identifying information (e.g., name, address, TIN, etc.) about the foreign trust and its trustee.

## Schedule A—Default Calculation of Trust Distributions

If you answered "Yes" to line 30, you may complete either Schedule A or Schedule B. Generally, however, if you complete Schedule A in the current year (or did so in the prior years), you must continue to complete Schedule A for all future years, even if you are able to answer "Yes" to line 30 in that future year. (The only exception to this consistency rule is that you may use Schedule B in the year that a trust terminates, but only if you are able to answer "Yes" to line 30 in the year of termination.)

**Line 32.** To the best of your knowledge, state the number of years the trust has been in existence as a foreign trust and attach an explanation of your basis for this statement. Consider any portion of a year to be a complete year. If this is the first year that the trust has been a foreign trust, do not complete the rest of Part III (you do not have an accumulation distribution).

**Line 33.** Enter the total amount of distributions that you received during the 3 preceding tax years (or the number of years the trust has been a foreign trust, if less than 3). For example, if a trust distributed $50 in year 1, $120 in year 2, and $150 in year 3, the amount reported on line 33 would be $320 ($50 + $120 + $150).

**Line 35.** Divide line 34 by 3 (or the number of years the trust has been a foreign trust if fewer than 3). Consider any portion of a year to be a complete year. For example, a foreign trust created on July 1, 2005, would be treated on a 2007 calendar year return as having 2 preceding years (2005 and 2006). In this case, you would calculate the amount on line 35 by dividing line 34 by 2. Do not disregard tax years in which no distributions were made. The IRS will consider your proof of these prior distributions as adequate records to demonstrate that any distribution up to the amount on line 31 is not an accumulation distribution in the current tax year.

**Line 36.** Enter this amount as ordinary income on your tax return. Report this amount on the appropriate schedule of your tax return (e.g., Schedule E (Form 1040), Part III).

**Note.** If there is an amount on line 37, you must also complete line 38 and *Schedule C — Calculation of Interest Charge*, to determine the amount of any interest charge you may owe.

## Schedule B—Actual Calculation of Trust Distributions

You may only use Schedule B if:
• You answered "Yes" to line 30,
• You attach a copy of the Foreign Nongrantor Trust Beneficiary Statement to this return, and

- You have never before used Schedule A for this foreign trust or this foreign trust terminated during the tax year.

**Line 40.** Enter the amount received by you from the foreign trust that is treated as ordinary income of the trust in the current tax year. Ordinary income is all income that is not capital gains. Report this amount on the appropriate schedule of your tax return (e.g., Schedule E (Form 1040), Part III).

**Line 42.** Enter the amount received by you from the foreign trust that is treated as capital gain income of that trust in the current tax year. Report this amount on the appropriate schedule of your tax return (e.g., Schedule D (Form 1040)).

**Line 45.** Enter the foreign trust's aggregate undistributed net income (UNI). For example, assume that a trust was created in 2001 and has made no distributions prior to 2007. Assume the trust's ordinary income was $0 in 2006, $60 in 2005, $124 in 2004, $87 in 2003, $54 in 2002, and $25 in 2001. Thus, for 2007, the trust's UNI would be $350. If the trust earned $100 and distributed $200 during 2007 (so that $100 was distributed from accumulated earnings), the trust's 2008 aggregate UNI would be $250 ($350 + $100 - $200).

**Line 46.** Enter the foreign trust's weighted undistributed net income (weighted UNI). The trust's weighted UNI is its accumulated income that has not been distributed, weighted by the years that it has accumulated income. To calculate weighted UNI, multiply the undistributed income from each of the trust's years by the number of years since that year, and then add each year's result. Using the example from line 45, the trust's weighted UNI in 2007 would be $1,260, calculated as follows:

| Year | No. of years since that year | UNI from each year | Weighted UNI |
|------|------------------------------|--------------------|--------------| 
| 2006 | 1 | $ 0 | $ 0 |
| 2005 | 2 | 60 | 120 |
| 2004 | 3 | 124 | 372 |
| 2003 | 4 | 87 | 348 |
| 2002 | 5 | 54 | 270 |
| 2001 | 6 | 25 | 150 |
| TOTAL | | $350 | $1,260 |

To calculate the trust's weighted UNI for the following year (2008), the trust could update this calculation, or the weighted UNI shown on line 46 of the 2007 Form 3520 could simply be updated following the following steps:

1. Begin with the 2007 weighted UNI.
2. Add UNI at the beginning of 2007.
3. Add trust earnings in 2007.
4. Subtract trust distributions in 2007.
5. Subtract weighted trust accumulation distributions in 2007. (Weighted trust accumulation distributions are the trust accumulation distributions in 2007 multiplied by the applicable number of years from 2007.)

Using the examples above, the trust's 2008 weighted UNI would be $1,150, calculated as follows.

| | |
|---|---|
| 2007 weighted UNI . . . . . . . . . . . . . . . . . . . . . . . . | $1,260 |
| UNI at beginning of 2007 . . . . . . . . . . . . . . . . . . . . . | + 350 |
| Trust earnings in 2007 . . . . . . . . . . . . . . . . . . . . . | + 100 |
| Trust distributions in 2007 . . . . . . . . . . . . . . . . . . . | − 200 |
| Weighted trust accumulation distributions in 2007 ($100 X 3.6) . . . . . . . . . . . . . . . . . . . . . . . | −360 |
| 2008 weighted UNI . . . . . . . . . . . . . . . . . . . . . . . | $1,150 |

**Line 47.** Calculate the trust's applicable number of years by dividing line 46 by line 45. Using the examples in the instructions for lines 45 and 46, the trust's applicable number of years would be 3.6 in 2007 (1,260/350) and 4.6 in 2008 (1,150/250).

**Note.** Include as many decimal places as there are digits in the UNI on line 45 (e.g., using the example in the instructions for line 45, include three decimal places).

## Schedule C—Calculation of Interest Charge

Complete Schedule C if you entered an amount on line 37 or line 41.

**Line 49.** Include the amount from line 48 of this form on line 1, Form 4970. Then compute the tax on the total accumulation distribution using lines 1 through 28 of Form 4970. Enter on line 49 the tax from line 28 of Form 4970, Tax on Accumulation Distribution of Trusts.

**Note.** Use Form 4970 as a worksheet and attach it to Form 3520.

**Line 51.** Interest accumulates on the tax (line 49) for the period beginning on the date that is the applicable number of years (as rounded on line 50) prior to the applicable date and ending on the applicable date. For purposes of making this interest calculation, the applicable date is the date that is mid-year through the last year for which reporting is made (e.g., in the case of a 2007 calendar year taxpayer, the applicable date would be June 30, 2007). Alternatively, if you received only a single distribution during the tax year that is treated as an accumulation distribution, you may use the date of that distribution as the applicable date.

For portions of the interest accumulation period that are prior to 1996 (and after 1976), interest accumulates at a simple rate of 6% annually, without compounding. For portions of the interest accumulation period that are after 1995, interest is compounded daily at the rate imposed on underpayments of tax under section 6621(a)(2). This compounded interest for periods after 1995 is imposed not only on the tax, but also on the total simple interest attributable to pre-1996 periods.

If you are a 2007 calendar year taxpayer and you use June 30, 2007, as the applicable date for calculating interest, use the table below to determine the combined interest rate and enter it on line 51. If you are not a 2007 calendar year taxpayer or you choose to use the actual date of the distribution as the applicable date, calculate the combined interest rate using the above principles and enter it on line 51.

**Table of Combined Interest Rate Imposed on the Total Accumulation Distribution**

Look up the applicable number of years of the foreign trust that you entered on line 50. Read across to find the combined interest rate to enter on line 51. Use this table only if you are a 2007 calendar year taxpayer and are using June 30, 2007, as the applicable date.

| Applicable number of years of trust (from line 50) | Combined interest rate (enter on line 51) |
|---|---|
| 1 . . . . . . . . . . . . . . . . . . . . . . | 0.0833 |
| 1.5 . . . . . . . . . . . . . . . . . . . . . | 0.1215 |
| 2 . . . . . . . . . . . . . . . . . . . . . . | 0.1589 |
| 2.5 . . . . . . . . . . . . . . . . . . . . . | 0.1909 |
| 3 . . . . . . . . . . . . . . . . . . . . . . | 0.2182 |
| 3.5 . . . . . . . . . . . . . . . . . . . . . | 0.2458 |
| 4 . . . . . . . . . . . . . . . . . . . . . . | 0.2743 |
| 4.5 . . . . . . . . . . . . . . . . . . . . . | 0.3063 |

| | |
|---|---|
| 5 | 0.3464 |
| 5.5 | 0.3871 |
| 6 | 0.4369 |
| 6.5 | 0.4988 |
| 7 | 0.5681 |
| 7.5 | 0.6358 |
| 8 | 0.7031 |
| 8.5 | 0.7677 |
| 9 | 0.8404 |
| 9.5 | 0.9196 |
| 10 | 1.0087 |
| 10.5 | 1.1004 |
| 11 | 1.1976 |
| 11.5 | 1.2924 |
| 12 | 1.3612 |
| 12.5 | 1.4300 |
| 13 | 1.4987 |
| 13.5 | 1.5675 |
| 14 | 1.6363 |
| 14.5 | 1.7051 |
| 15 | 1.7738 |
| 15.5 | 1.8426 |
| 16 | 1.9114 |
| 16.5 | 1.9802 |
| 17 | 2.0489 |
| 17.5 | 2.1177 |
| 18 | 2.1865 |
| 18.5 | 2.2553 |
| 19 | 2.3240 |
| 19.5 | 2.3928 |
| 20 | 2.4616 |
| 20.5 | 2.5303 |
| 21 | 2.5991 |
| 21.5 | 2.6679 |
| 22 | 2.7367 |
| 22.5 | 2.8054 |
| 23 | 2.8742 |
| 23.5 | 2.9430 |
| 24 | 3.0118 |
| 24.5 | 3.0805 |
| 25 | 3.1493 |
| 25.5 | 3.2181 |
| 26 | 3.2868 |
| 26.5 | 3.3556 |
| 27 | 3.4244 |
| 27.5 | 3.4932 |
| 28 | 3.5619 |
| 28.5 | 3.6307 |
| 29 | 3.6995 |
| 29.5 | 3.7683 |
| 30 | 3.8370 |
| All Years Greater than 30 | 3.9058 |

(**Note.** Interest charges began in 1977.)

**Line 53.** Report this amount as additional tax (ADT) on the appropriate line of your income tax return (e.g., for Form 1040 filers, include this amount as part of the total for line 63 of your 2007 Form 1040 and enter "ADT" to the left of the line 63 entry space).

## Part IV—U.S. Recipients of Gifts or Bequests Received During the Current Tax Year From Foreign Persons

**Note.** Penalties may be imposed for failure to report gifts that should be reported. See *Penalties* on page 2.

A gift to a U.S. person does not include any amount paid for qualified tuition or medical payments made on behalf of the U.S. person.

If a foreign trust makes a distribution to a U.S. beneficiary, the beneficiary must report the amount as a distribution in Part III, rather than as a gift in Part IV.

Contributions of property by foreign persons to domestic or foreign trusts that have U.S. beneficiaries are not reportable by those beneficiaries in Part IV unless they are treated as receiving the contribution in the year of the transfer (e.g., the beneficiary is an owner of that portion of the trust under section 678).

A domestic trust that is not treated as owned by another person is required to report the receipt of a contribution to the trust from a foreign person as a gift in Part IV.

A domestic trust that is treated as owned by a foreign person is not required to report the receipt of a contribution to the trust from a foreign person. However, a U.S. person should report the receipt of a distribution from such a trust as a gift from a foreign person in Part IV.

**Line 54.** To calculate the threshold amount ($100,000), you must aggregate gifts from different foreign nonresident aliens and foreign estates if you know (or have reason to know) that those persons are related to each other (see definition of related person on page 3) or one is acting as a nominee or intermediary for the other. For example, if you receive a gift of $75,000 from nonresident alien individual A and a gift of $40,000 from nonresident alien individual B, and you know that A and B are related, you must answer "Yes" and complete columns (a) through (c) for each gift.

If you answered "Yes" to the question on line 54 and none of the gifts or bequests received exceeds $5,000, do not complete columns (a) through (c) of line 54. Instead, enter in column (b) of the first line: "No gifts or bequests exceed $5,000."

**Line 55.** Answer "Yes" if you received aggregate amounts in excess of $13,258 during the current tax year that you treated as gifts from foreign corporations or foreign partnerships (or any persons that you know (or have reason to know) are related to such foreign corporations or foreign partnerships).

For example, if you, a calendar-year taxpayer during 2007, received $5,000 from foreign corporation X that you treated as a gift, and $8,000 that you received from nonresident alien A that you treated as a gift, and you know that X is wholly owned by A, you must complete columns (a) through (g) for each gift.

**Note.** Gifts from foreign corporations or foreign partnerships are subject to recharacterization by the IRS under section 672(f)(4).

**Line 56.** If you answered "Yes" to the question on line 56 and the ultimate donor on whose behalf the reporting donor is acting is a foreign corporation or foreign partnership, attach an explanation including the ultimate foreign donor's name, address, identification number (if any), and status as a corporation or partnership.

If the ultimate donor is a foreign trust, treat the amount received as a distribution from a foreign trust and complete Part III.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax. Section 6109 requires return preparers to provide their identifying numbers on the return.

Our authority to ask for information is sections 6001, 6011, and 6012(a) and their regulations, which require you to file a return or statement with us for any tax for which you are liable. Your response is mandatory under these sections. Section 6109 requires that you provide your social security number or employer identification number on what you file. This is so we know who you are, and can process your return and other papers. You must fill in all parts of the tax form that apply to you.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103. However, section 6103 allows or requires the Internal Revenue Service to disclose or give the information shown on your tax return to others as described in the Code. For example, we may disclose your tax information to the Department of Justice to enforce the tax laws, both civil and criminal, and to cities, states, the District of Columbia, U.S. commonwealths or possessions, and certain foreign governments to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. Failure to provide this information, or providing false information, may subject you to fines or penalties.

Please keep this notice with your records. It may help you if we ask you for other information. If you have any questions about the rules for filing and giving information, please call or visit any Internal Revenue Service office.

The time needed to complete and file this form and related schedules will vary depending on individual circumstances. The estimated burden for individual taxpayers filing this form is approved under OMB control number 1545-0074 and is included in the estimates shown in the instructions for their individual income tax return. The estimated burden for all other taxpayers who file this form is shown below.

| | |
|---|---|
| **Recordkeeping** . . . . . . . . . . . . . . . . . . . . . . . . | 42 hr., 34 min. |
| **Learning about the law or the form** . . . . . . . . . . | 4 hr., 50 min. |
| **Preparing the form** . . . . . . . . . . . . . . . . . . . . . . | 6 hr., 40 min. |
| **Sending the form to the IRS** . . . . . . . . . . . . . . . | 16 min. |

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the tax form to this office. Instead, see *When and Where To File* on page 1.

**Country Codes**
Enter on lines 6a and 6b and line 21,
columns (a) and (b), the codes from the
list below.

| Foreign Country | Country Code |
|---|---|
| Afghanistan | AF |
| Akrotiri | AX |
| Albania | AL |
| Algeria | AG |
| American Samoa | AQ |
| Andorra | AN |
| Angola | AO |
| Anguilla | AV |
| Antarctica | AY |
| Antigua and Barbuda | AC |
| Argentina | AR |
| Armenia | AM |
| Aruba | AA |
| Ashmore and Cartier Islands | AT |
| Australia | AS |
| Austria | AU |
| Azerbaijan | AJ |
| Azores | PO |
| Bahamas | BF |
| Bahrain | BA |
| Baker Island | FQ |
| Balearic Islands | SP |
| Bangladesh | BG |
| Barbados | BB |
| Bassas Da India | BS |
| Belarus | BO |
| Belgium | BE |
| Belize | BH |
| Benin (Dahomey) | BN |
| Bermuda | BD |
| Bhutan | BT |
| Bolivia | BL |
| Bonaire | NT |
| Bosnia-Herzegovina | BK |
| Botswana | BC |
| Bouvet Island | BV |
| Brazil | BR |
| British Indian Ocean Territory | IO |
| Brunei | BX |

| Foreign Country | Country Code |
|---|---|
| Bulgaria | BU |
| Burkina Faso (Upper Volta) | UV |
| Burma | BM |
| Burundi | BY |
| Cambodia | CB |
| Cameroon | CM |
| Canada | CA |
| Canary Islands | SP |
| Cape Verde | CV |
| Cayman Islands | CJ |
| Central African Republic | CT |
| Chad | CD |
| Chile | CI |
| China, People's Republic of (including Inner Mongolia, Tibet and Manchuria) | CH |
| Christmas Island | KT |
| Clipperton Island | IP |
| Cocos (Keeling) Islands | CK |
| Colombia | CO |
| Comoros | CN |
| Congo (Brazzaville) | CF |
| Congo, Democratic Republic of the (Zaire) | CG |
| Cook Islands | CW |
| Coral Sea Island | CR |
| Corsica | FR |
| Costa Rica | CS |
| Côte D'ivoire (Ivory Coast) | IV |
| Croatia | HR |
| Cuba | CU |
| Curacao | NT |
| Cyprus | CY |
| Czech Republic | EZ |
| Denmark | DA |
| Dhekelia | DX |
| Djibouti | DJ |
| Dominica | DO |
| Dominican Republic | DR |
| Dubai | AE |
| Ecuador | EC |

| Foreign Country | Country Code |
|---|---|
| Egypt | EG |
| Eleuthera Island | BF |
| El Salvador | ES |
| Equatorial Guinea | EK |
| Eritrea | ER |
| Estonia | EN |
| Ethiopia | ET |
| Europa Island | EU |
| Falkland Islands (Islas Malvinas) | FK |
| Faroe Islands | FO |
| Federated States of Micronesia | FM |
| Fiji Islands | FJ |
| Finland | FI |
| France | FR |
| French Guiana | FG |
| French Polynesia (Tahiti) | FP |
| French Southern & Antarctic Lands | FS |
| Gabon | GB |
| Gambia | GA |
| Gaza Strip | GZ |
| Georgia | GG |
| Germany | GM |
| Ghana | GH |
| Gibraltar | GI |
| Glorioso Islands | GO |
| Great Britain (United Kingdom) | UK |
| Greece | GR |
| Greenland | GL |
| Grenada (Southern Grenadines) | GJ |
| Guadeloupe | GP |
| Guam | GQ |
| Guatemala | GT |
| Guernsey | GK |
| Guinea | GV |
| Guinea-Bissau | PU |
| Guyana | GY |
| Haiti | HA |
| Heard Island and McDonald Island | HM |
| Honduras | HO |
| Hong Kong | HK |

| Foreign Country | Country Code | Foreign Country | Country Code | Foreign Country | Country Code |
|---|---|---|---|---|---|
| Howland Island | HQ | Macau | MC | Palau | PS |
| Hungary | HU | Macedonia | MK | Palmyra Atoll | LQ |
| Iceland | IC | Madagascar | MA | Panama | PM |
| India | IN | Malawi | MI | Papua New Guinea | PP |
| Indonesia (including Bali, Belitung, Flores, Java, Moluccas, Sumatra, etc.) | ID | Malaysia | MY | Paracel Island | PF |
| | | Maldives | MV | Paraguay | PA |
| | | Mali | ML | Peru | PE |
| Iran | IR | Malta | MT | Philippines | RP |
| Iraq | IZ | Marshall Islands | RM | Pitcairn Island | PC |
| Ireland | EI | Martinique | MB | Poland | PL |
| Isle of Man | IM | Mauritania | MR | Portugal | PO |
| Israel | IS | Mauritus | MP | Puerto Rico | RQ |
| Italy | IT | Mayotte | MF | Qatar (Katar) | QA |
| Ivory Coast | IV | Mexico | MX | Redonda | VI |
| Jamaica | JM | Micronesia, Federated States of | FM | Reunion | RE |
| Jan Mayen | JN | | | Romania | RO |
| Japan | JA | Midway Islands | MQ | Russia | RS |
| Jarvis Island | DQ | Moldova | MD | Rwanda | RW |
| Jersey | JE | Monaco | MN | Ryukyu Islands | JA |
| Johnston Atoll | JQ | Mongolia | MG | Saint Barthelemy | TB |
| Jordan | JO | Montenegro | MJ | Saint Martin | RN |
| Juan De Nova Island | JU | Montserrat | MH | Samoa | WS |
| | | Morocco | MO | San Marino | SM |
| Kazakhstan | KZ | Mozambique | MZ | Sao Tome and Principe | TP |
| Kenya | KE | Namibia | WA | | |
| Kingman Reef | KQ | Nauru | NR | Saudi Arabia | SA |
| Kiribati (Gilbert Islands) | KR | Navassa Island | BQ | Senegal | SG |
| | | Nepal | NP | Serbia | RB |
| Korea, Democratic People's Republic of (North) | KN | Netherlands | NL | Seychelles | SE |
| | | Netherlands Antilles | NT | Sierra Leone | SL |
| | | New Caledonia | NC | Singapore | SN |
| Korea, Republic of (South) | KS | New Zealand | NZ | Slovakia (Slovak Republic) | LO |
| | | Nicaragua | NU | | |
| Kurile Islands | RS | Niger | NG | Slovenia | SI |
| Kuwait | KU | Nigeria | NI | Solomon Islands | BP |
| Kyrgyzstan | KG | Niue | NE | Somalia | SO |
| Laos | LA | Norfolk Island | NF | South Africa | SF |
| Latvia | LG | North Korea | KN | South Georgia and South Sandwich Islands | SX |
| Lebanon | LE | Northern Ireland | UK | | |
| Lesotho | LT | Northern Mariana Island | CQ | | |
| Liberia | LI | | | South Korea | KS |
| Libya | LY | Norway | NO | Spain | SP |
| Liechtenstein | LS | Oman | MU | Spratly Islands | PG |
| Lithuania | LH | Pakistan | PK | Sri Lanka | CE |
| Luxembourg | LU | | | | |

| Foreign Country | Country Code |
|---|---|
| St. Helena (Ascension Island and Tristan De Cunha Island Group) | SH |
| St. Kitts and Nevis (St. Christopher) | SC |
| St. Lucia | ST |
| St. Pierre and Miquelon | SB |
| St. Vincent and the Grenadines (Northern Grenadines) | VC |
| Sudan | SU |
| Suriname | NS |
| Svalbard (Spitsbergen) | SV |
| Swaziland | WZ |
| Sweden | SW |
| Switzerland | SZ |
| Syria | SY |
| Taiwan | TW |
| Tajikistan | TI |
| Tanzania, United Republic of | TZ |

| Foreign Country | Country Code |
|---|---|
| Thailand | TH |
| Timor-Leste (Formerly East Timor) | TT |
| Togo | TO |
| Tokelau | TL |
| Tonga | TN |
| Trinidad and Tobago | TD |
| Tromelin Island | TE |
| Tunisia | TS |
| Turkey | TU |
| Turkmenistan | TX |
| Turks and Caicos Islands | TK |
| Tuvalu | TV |
| Uganda | UG |
| Ukraine | UP |
| United Arab Emirates | AE |
| United Kingdom (England, Wales, Scotland, Northern Ireland) | UK |

| Foreign Country | Country Code |
|---|---|
| United Republic of Tanzania | TZ |
| Uruguay | UY |
| Uzbekistan | UZ |
| Vanuatu | NH |
| Vatican City | VT |
| Venezuela | VE |
| Vietnam | VM |
| Virgin Islands (British) | VI |
| Virgin Islands (U.S.) | VQ |
| Wake Island | WQ |
| Wallis and Futuna | WF |
| West Bank | WE |
| Western Sahara | WI |
| Windward Islands | VC |
| Yemen (Aden) | YM |
| Zambia | ZA |
| Zimbabwe | ZI |
| Other Countries | OC |

# **ATTACHMENT B**

Form **3520**

Department of the Treasury
Internal Revenue Service

## Annual Return To Report Transactions With Foreign Trusts and Receipt of Certain Foreign Gifts

▶ See separate instructions.

OMB No. 1545-0159

**2007**

**Note:** *All information must be in English. Show all amounts in U.S. dollars. File a* **separate** *Form 3520 for* **each** *foreign trust.*

For calendar year 2007, or tax year beginning _____, 2007, ending _____, 20_____

**A** Check appropriate boxes: ☐ Initial return ☐ Final return ☐ Amended return

**B** Check box that applies to person filing return: ☐ Individual ☐ Partnership ☐ Corporation ☐ Trust ☐ Executor

**Check all applicable boxes:**

☐ **(a)** You are a U.S. transferor who, directly or indirectly, transferred money or other property during the current tax year to a foreign trust, **(b)** You held an outstanding obligation of a related foreign trust (or a person related to the trust) issued during the current tax year, that you reported as a "qualified obligation" (defined in the instructions) during the current tax year, or **(c)** You are the executor of the estate of a U.S. decedent and (1) the decedent made a transfer to a foreign trust by reason of death, (2) the decedent was treated as the owner of any portion of a foreign trust immediately prior to death, or (3) the decedent's estate included any portion of the assets of a foreign trust. See the instructions for Part I.

☐ You are a U.S. owner of all or any portion of a foreign trust at any time during the tax year. See the instructions for Part II.

☐ **(a)** You are a U.S. person who, during the current tax year, received a distribution from a foreign trust, or **(b)** You are a U.S. person and you are also a grantor or beneficiary of a foreign trust that has made a loan of cash or marketable securities directly or indirectly to you during the current tax year that you reported as a "qualified obligation" (defined in the instructions) during the current tax year. See the instructions for Part III.

☐ You are a U.S. person who, during the current tax year, received certain gifts or bequests from a foreign person. See the instructions for Part IV.

Service Center where U.S. person's income tax return is filed ▶ _____

| **1a** Name of person(s) filing return (see instructions) | **b** Identification number |
|---|---|
| **Joseph A. Wilson** | |
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | **d** Spouse's Identification number |

| **e** City or town | **f** State or province | **g** ZIP or postal code | **h** Country |
|---|---|---|---|

| **2a** Name of foreign trust (if applicable) | **b** Employer identification number (if any) |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

**3** Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ☐ Yes ☐ No
If "Yes," complete lines 3a through 3g.

| **3a** Name of U.S. agent | **b** Identification number (if any) |
|---|---|
| **c** Number, street, and room or suite no. (if a P.O. box, see instructions) | |

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|

| **4a** Name of U.S. decedent (see instr.) | **b** Address | **c** TIN of decedent |
|---|---|---|
| **d** Date of death | | **e** EIN of estate |

**f** Check applicable box:
☐ U.S. decedent made transfer to a foreign trust by reason of death.
☐ U.S. decedent treated as owner of foreign trust immediately prior to death.
☐ Assets of foreign trust were included in estate of U.S. decedent.

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Signature | Title | Date |
|---|---|---|
| Preparer's signature | Preparer's SSN or PTIN | Date |

**For Privacy Act and Paperwork Reduction Act Notice, see instructions.**          Cat. No. 19594V          Form **3520** (2007)

Form 3520 (2007)                                                                                             Page **2**

**Part I**   **Transfers by U.S. Persons to a Foreign Trust During the Current Tax Year** (see instructions)

| 5a Name of trust creator (if different from line 1a) | b Address | c Identification number (if any) |
|---|---|---|

| 6a Country code of country where trust was created | b Country code of country whose law governs the trust | c Date trust was created |
|---|---|---|

7a Will any person (other than the U.S. transferor or the foreign trust) be treated as the owner of the transferred assets after the transfer?  ☐ Yes  ☐ No

| b | (i) Name of other foreign trust owners, if any | (ii) Address | (iii) Country of residence | (iv) Identification number, if any | (v) Relevant code section |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

8   Was the transfer a completed gift or bequest? If "Yes," see instructions . . . . . . . . . . . ☐ Yes  ☐ No
9a  Now or in the future, can any part of the income or corpus of the trust benefit any U.S. beneficiary?  . . . ☐ Yes  ☐ No
 b  If "No," could the trust be revised or amended to benefit a U.S. beneficiary?. . . . . . . . . ☐ Yes  ☐ No
10  Will you continue to be treated as the owner of the transferred asset(s) after the transfer?. . . . . . ☐ Yes  ☐ No

**Schedule A—Obligations of a Related Trust** (see instructions)

11a  During the current tax year, did you transfer property (including cash) to a related foreign trust in exchange for an obligation of the trust or an obligation of a person related to the trust? See instructions . . . . . . . ☐ Yes  ☐ No
     If "Yes," complete the rest of Schedule A, as applicable. If "No," go to Schedule B.
 b  Were any of the obligations you received (with respect to a transfer described in 11a above) qualified obligations?  ☐ Yes  ☐ No
     If "Yes," complete the rest of Schedule A with respect to each qualified obligation.
     If "No," go to Schedule B and, when completing columns (a) through (i) of line 13 with respect to each nonqualified obligation, enter "-0-" in column (h).

| (i) Date of transfer giving rise to obligation | (ii) Maximum term | (iii) Yield to maturity | (iv) FMV of obligation |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

12  With respect to each qualified obligation you reported on line 11b: Do you agree to extend the period of assessment of any income or transfer tax attributable to the transfer, and any consequential income tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the obligation? . . . . . ☐ Yes  ☐ No
    Note: Generally, you must answer "Yes," if you checked "Yes" to the question on line 11b.

**Schedule B—Gratuitous Transfers** (see instructions)

13  During the current tax year, did you make any transfers (directly or indirectly) to the trust and receive less than FMV, or no consideration at all, for the property transferred? . . . . . . . . . . . . ☐ Yes  ☐ No
    If "Yes," complete columns (a) through (i) below and the rest of Schedule B, as applicable.
    If "No," go to Schedule C.

| (a) Date of transfer | (b) Description of property transferred | (c) FMV of property transferred | (d) U.S. adjusted basis of property transferred | (e) Gain recognized at time of transfer | (f) Excess, if any, of column (c) over the sum of columns (d) and (e) | (g) Description of property received, if any | (h) FMV of property received | (i) Excess of column (c) over column (h) |
|---|---|---|---|---|---|---|---|---|
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| Totals ▶ | | | | | $ | | | $ |

14  You are required to attach a copy of each sale or loan document entered into in connection with a transfer reported on line 13. If these documents have been attached to a Form 3520 filed within the previous 3 years, attach only relevant updates.

| | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|
| Are you attaching a copy of: | | | | |
| a Sale document? . . . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ | |
| b Loan document?. . . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ | |
| c Subsequent variances to original sale or loan documents? . . . . . . . . . | ☐ | ☐ | ☐ | |

Form **3520** (2007)

Form 3520 (2007)

Page **3**

**Part I** Schedule B—Gratuitous Transfers *(Continued)*

Note: *Complete lines 15 through 18 only if you answered "No" to line 3.*

**15**

| (a) Name of beneficiary | (b) Address of beneficiary | (c) U.S. beneficiary? | | (d) Identification number, if any |
|---|---|---|---|---|
| | | Yes | No | |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**16**

| (a) Name of trustee | (b) Address of trustee | (c) Identification number, if any |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**17**

| (a) Name of other persons with trust powers | (b) Address of other persons with trust powers | (c) Description of powers | (d) Identification number, if any |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**18** If you checked "No" on line 3 (or did not complete lines 3a through 3g) you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A filed within the previous 3 years, attach only relevant updates.

| | Are you attaching a copy of: | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| **a** | Summary of all written and oral agreements and understandings relating to the trust? | ☐ | ☐ | ☐ | |
| **b** | The trust instrument? | ☐ | ☐ | ☐ | |
| **c** | Memoranda or letters of wishes? | ☐ | ☐ | ☐ | |
| **d** | Subsequent variances to original trust documents? | ☐ | ☐ | ☐ | |
| **e** | Trust financial statements? | ☐ | ☐ | ☐ | |
| **f** | Other trust documents? | ☐ | ☐ | ☐ | |

**Schedule C—Qualified Obligations Outstanding in the Current Tax Year** (see instructions)

**19** Did you, at any time during the tax year, hold an outstanding obligation of a related foreign trust (or a person related to the trust) that you reported as a "qualified obligation" in the current tax year? . . . . . . . . ☐ Yes ☐ No

If "Yes," complete columns (a) through (e) below.

| (a) Date of original obligation | (b) Tax year qualified obligation first reported | (c) Amount of principal payments made during the tax year | (d) Amount of interest payments made during the tax year | (e) Does the obligation still meet the criteria for a qualified obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |
| | | | | | |

Form **3520** (2007)

Form 3520 (2007)                                                                                          Page **4**

## Part II  U.S. Owner of a Foreign Trust (see instructions)

| 20 | (a)<br>Name of other foreign<br>trust owners, if any | (b)<br>Address | (c)<br>Country of residence | (d)<br>Identification number,<br>if any | (e)<br>Relevant<br>code section |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |

| 21 | (a)<br>Country code of country where foreign trust<br>was created | (b)<br>Country code of country whose law governs the foreign trust | (c)<br>Date foreign trust was created |
|---|---|---|---|
| | | | |

22   Did the foreign trust file Form 3520-A for the current year? . . . . . . . . . . . . .   ☐ Yes   ☒ No

If "Yes," attach the Foreign Grantor Trust Owner Statement you received from the foreign trust.

If "No," to the best of your ability, complete and attach a substitute Form 3520-A for the foreign trust.

See instructions for information on penalties. (See substitute Form 3520-A attached)

23   Enter the gross value of the portion of the foreign trust that you are treated as owning . . . . . ▶  $  **9,203,381**

## Part III  Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year (see instructions)

24   Cash amounts or FMV of property received, directly or indirectly, during the current tax year, from the foreign trust (exclude loans included on line 25)

| (a)<br>Date of distribution | (b)<br>Description of property received | (c)<br>FMV of property received<br>(determined on date of<br>distribution) | (d)<br>Description of<br>property transferred,<br>if any | (e)<br>FMV of property<br>transferred | (f)<br>Excess of column (c)<br>over column (e) |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

Totals. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶  $

25   During the current tax year, did you (or a person related to you) receive a loan from a related foreign trust (including
an extension of credit upon the purchase of property from the trust)? . . . . . . . . . .   ☐ Yes   ☐ No

If "Yes," complete columns (a) through (g) below for each such loan.

Note: The FMV of an obligation (column (f)) is -0- unless it is a "qualified obligation."

| (a)<br>FMV of loan proceeds | (b)<br>Date of original<br>loan transaction | (c)<br>Maximum term of<br>repayment of<br>obligation | (d)<br>Interest rate<br>of obligation | (e)<br>Is the obligation a<br>"qualified obligation?" | | (f)<br>FMV of obligation | (g)<br>Amount treated as distribution<br>from the trust (subtract<br>column (f) from column (a)) |
|---|---|---|---|---|---|---|---|
| | | | | Yes | No | | |
| | | | | | | | |
| | | | | | | | |

Total . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶  $

26   With respect to each obligation you reported as a "qualified obligation" on line 25: Do you agree to extend the
period of assessment of any income or transfer tax attributable to the transaction, and any consequential income
tax changes for each year that the obligation is outstanding, to a date 3 years after the maturity date of the
obligation? . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No

Note: Generally, you must answer "Yes" if you checked "Yes" in column (e) of line 25.

27   Total distributions received during the current tax year. Add line 24, column (f), and line 25, column (g). . ▶  $

28   Did the trust, at any time during the tax year, hold an outstanding obligation of yours (or a person related to you)
that you reported as a "qualified obligation" in the current tax year? . . . . . . . . . . .   ☐ Yes   ☐ No

If "Yes," complete columns (a) through (e) below for each obligation.

| (a)<br>Date of original loan<br>transaction | (b)<br>Tax year<br>qualified obligation<br>first reported | (c)<br>Amount of principal<br>payments made during<br>the tax year | (d)<br>Amount of<br>interest payments<br>made during<br>the tax year | (e)<br>Does the loan still meet the<br>criteria of a qualified<br>obligation? | |
|---|---|---|---|---|---|
| | | | | Yes | No |
| | | | | | |
| | | | | | |
| | | | | | |

Form **3520** (2007)

Form 3520 (2007)

| Part III | Distributions to a U.S. Person From a Foreign Trust During the Current Tax Year *(Continued)* | | |
|---|---|---|---|

| 29 | Did you receive a Foreign Grantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? If "Yes," attach the statement and do not complete the remainder of Part III with respect to that distribution. If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37. | ☐ Yes | ☐ No |
| 30 | Did you receive a Foreign Nongrantor Trust Beneficiary Statement from the foreign trust with respect to a distribution? If "Yes," attach the statement and complete either Schedule A or Schedule B below (see instructions). Also complete Schedule C if you enter an amount greater than zero on line 37 or line 41. If "No," complete Schedule A with respect to that distribution. Also complete Schedule C if you enter an amount greater than zero on line 37. | ☐ Yes | ☐ No |

| Schedule A—Default Calculation of Trust Distributions (see instructions) | |
|---|---|
| 31 | Enter amount from line 27 . . . . . . . . . . . . . . . . . . . | |
| 32 | Number of years the trust has been a foreign trust (see instructions). ▶ _____ | |
| 33 | Enter total distributions received from the foreign trust during the 3 preceding tax years (or during the number of years the trust has been a foreign trust, if fewer than 3) . . . . . . . . . . | |
| 34 | Multiply line 33 by 1.25 . . . . . . . . . . . . . . . . . . . | |
| 35 | Average distribution. Divide line 34 by 3 (or the number of years the trust has been a foreign trust, if fewer than 3) and enter the result . . . . . . . . . . . . . . . . | |
| 36 | Amount treated as ordinary income earned in the current year. Enter the smaller of line 31 or line 35 . . . | |
| 37 | Amount treated as accumulation distribution. Subtract line 36 from line 31. If -0-, do not complete the rest of Part III | |
| 38 | Applicable number of years of trust. Divide line 32 by 2 and enter the result here ▶ | |

| Schedule B—Actual Calculation of Trust Distributions (see instructions) | |
|---|---|
| 39 | Enter amount from line 27 . . . . . . . . . . . . . . . . . . . | |
| 40 | Amount treated as ordinary income in the current tax year . . . . . . . . . . . | |
| 41 | Amount treated as accumulation distribution. If -0-, do not complete Schedule C, Part III . . . . | |
| 42 | Amount treated as capital gains in the current tax year . . . . . . . . . . . | |
| 43 | Amount treated as distribution from trust corpus . . . . . . . . . . . . | |
| 44 | Enter any other distributed amount received from the foreign trust not included on lines 40, 41, 42, and 43 (attach explanation) | |
| 45 | Amount of foreign trust's aggregate undistributed net income . . . . . . . . . | |
| 46 | Amount of foreign trust's weighted undistributed net income . . . . . . . . . | |
| 47 | Applicable number of years of trust. Divide line 46 by line 45 and enter the result here ▶ | |

| Schedule C—Calculation of Interest Charge (see instructions) | |
|---|---|
| 48 | Enter accumulation distribution from line 37 or 41, as applicable . . . . . . . . . | |
| 49 | Enter tax on total accumulation distribution from line 28 of Form 4970 . . . . . . . | |
| 50 | Enter applicable number of years of foreign trust from line 38 or 47, as applicable (round to nearest half-year). ▶ _____ | |
| 51 | Combined interest rate imposed on the total accumulation distribution (see instructions) . . . . | |
| 52 | Interest charge. Multiply the amount on line 49 by the combined interest rate on line 51 . . . . | |
| 53 | Tax attributable to accumulation distributions. Add lines 49 and 52. Enter here and as "additional tax" on your income tax return . . . . . . . . . . . . . . . . . . . | |

Form **3520** (2007)

Form 3520 (2007)                                                                                           Page **6**

**Part IV**   U.S. Recipients of Gifts or Bequests Received During the Current Tax Year From Foreign Persons
(see instructions)

54   During the current tax year, did you receive more than $100,000 during the tax year that you treated as gifts or
bequests from a nonresident alien or a foreign estate? See instructions regarding related donors . . . . .   ☐ Yes   ☐ No
If "Yes," complete columns (a) through (c) with respect to each such gift or bequest in excess of $5,000. If more
space is needed, attach schedule.

| (a)<br>Date of gift<br>or bequest | (b)<br>Description of property received | (c)<br>FMV of property received |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

Total   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶   | $

55   During the current tax year, did you receive more than $13,258 that you treated as gifts from a foreign corporation
or a foreign partnership? See instructions regarding related donors   . . . . . . . . . . . . . .   ☐ Yes   ☐ No
If "Yes," complete columns (a) through (g) with respect to each such gift. If more space is needed, attach schedule.

| (a)<br>Date of gift | (b)<br>Name of donor | (c)<br>Address of donor | (d)<br>Identification number,<br>if any |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

| (e)<br>Check the box that applies to the foreign donor | | (f)<br>Description of property received | (g)<br>FMV of property received |
|---|---|---|---|
| Corporation | Partnership |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

56   Do you have any reason to believe that the foreign donor, in making any gift or bequest described in lines 54 and
55, was acting as a nominee or intermediary for any other person? If "Yes," see instructions.   . . . . .   ☐ Yes   ☐ No

Form **3520** (2007)

Form **3520-A**

Department of the Treasury
Internal Revenue Service

**SUBSTITUTE**
**Annual Information Return of Foreign**
**Trust With a U.S. Owner**
**(Under section 6048(b))**
▶ Information about Form 3520-A and its separate instructions is at *www.irs.gov/form3520a*.

OMB No. 1545-0160

**2016**

**Note:** *All information must be in English. Show all amounts in U.S. dollars.*

| For calendar year 2016, or tax year beginning | , 2016, ending | , 20 |
|---|---|---|

Check appropriate boxes.  ☐ Initial return   ☐ Final return   ☐ Amended return

Check if any excepted specified foreign financial assets are reported on this form (see instructions)  . . . . . . . . . ☐

**Part I   General Information (see instructions)**

| 1a  Name of foreign trust | b(1)  Employer identification number |
|---|---|
| **Perfect Partner Trust** | |
| c  Number, street, and room or suite no. (If a P.O. box, see instructions) | b(2)  Reference ID number (see instructions) |

| d  City or town | e  State or province | f  ZIP or foreign postal code | g  Country |
|---|---|---|---|

2   Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all the relevant trust information? . . . . . . . . . . . . . . . . . . . . . . . . . .   ☐ Yes   ☐ No

If "Yes," skip lines 2a through 2e and go to line 3.
If "No," you are required to attach a copy of all trust documents as indicated below. If these documents have been attached to a Form 3520-A filed within the previous 3 years, attach only relevant updates.

| | | Yes | No | Attached Previously | Year Attached |
|---|---|---|---|---|---|
| | Have you attached a copy of: | | | | |
| a | Summary of all written and oral agreements and understandings relating to the trust? . . . | ☐ | ☐ | ☐ | |
| b | The trust instrument? . . . . . . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ | |
| c | Memoranda or letters of wishes? . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ | |
| d | Subsequent variances to original trust documents? . . . . . . . . . . . . | ☐ | ☐ | ☐ | |
| e | Other trust documents? . . . . . . . . . . . . . . . . . . . . . . | ☐ | ☐ | ☐ | |

| 3a  Name of U.S. agent | b  Identification number |
|---|---|

c   Number, street, and room or suite no. (If a P.O. box, see instructions)

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|

| 4a  Name of trustee | b  Identification number, if any |
|---|---|

c   Number, street, and room or suite no. (If a P.O. box, see instructions)

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|

5   Did the trust transfer any property (including cash) to another person (see instructions for definition) during the tax year? If "Yes," attach statement (see instructions). (see attached) . . . . . . . . . . . . . . .   ☒ Yes   ☐ No

6   Enter the number of Foreign Grantor Trust Owner Statements (page 3) included with this Form 3520-A . . . ▶

**Sign Here**

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| ▶ Trustee's Signature | ▶ Title | Date |
|---|---|---|

**Paid Preparer Use Only**

| Print/Type preparer's name | Preparer's signature | Date | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|
| Firm's name ▶ | | | Firm's EIN ▶ | |
| Firm's address ▶ | | | Phone no. | |

For Paperwork Reduction Act Notice, see instructions.                    Cat. No. 19595G                    Form **3520-A** (2016)

Form 3520-A (2007)                                                                                           Page **2**

| **Part II** | Foreign Trust Income Statement |
|---|---|

Enter totals from books and records of foreign trust (see instructions).

**Income**

| | | |
|---|---|---|
| 1 | Interest | |
| 2 | Dividends | |
| 3 | Gross rents and royalties | |
| 4 | Income (loss) from partnerships and fiduciaries | |
| 5 | Capital gains: | |
| a | Net short-term capital gain (loss) | |
| b | Net long-term capital gain (loss) | |
| 6 | Ordinary gains (losses) | |
| 7 | Other income (attach schedule) | |
| 8 | Total income (add lines 1 through 7) | |

**Expenses**

| | | |
|---|---|---|
| 9 | Interest expense | |
| 10a | Foreign taxes (attach schedule) | |
| b | State and local taxes | |
| 11 | Amortization and depreciation (depletion) | |
| 12 | Trustee and advisor fees | |
| 13 | Charitable contributions | |
| 14 | Other expenses (attach schedule) | |
| 15 | Total expenses (add lines 9 through 14) | |
| 16 | Net income (loss) (subtract line 15 from line 8) | |

17a Enter the fair market value (FMV) of total distributions from the trust to all persons, whether U.S. or foreign ▶

b Distributions to U.S. owners:

| (i) Name of owner | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| Joseph A. Wilson | | Various dates in 2007 | $9,203,381 |

c Distributions to U.S. beneficiaries:

| (i) Name of beneficiary | (ii) Identification number | (iii) Date of distribution | (iv) FMV |
|---|---|---|---|
| | | | |
| | | | |

| **Part III** Foreign Trust Balance Sheet | | Beginning of Tax Year | | End of Tax Year | |
|---|---|---|---|---|---|
| | | (a) | (b) | (c) | (d) |
| **Assets** | | | | | |
| 1 | Cash | | | | |
| 2 | Accounts receivable | | | | |
| 3 | Mortgages and notes receivable | | | | |
| 4 | Inventories | | | | |
| 5 | Government obligations | | | | |
| 6 | Other marketable securities | | | | |
| 7 | Other nonmarketable securities | | | | |
| 8a | Depreciable (depletable) assets | | | | |
| b | Less: accumulated depreciation (depletion) | | | | |
| 9 | Real property | | | | |
| 10 | Other assets (attach schedule) | | | | |
| 11 | Total assets | | | | |
| **Liabilities** | | | | | |
| 12 | Accounts payable | | | | |
| 13 | Contributions, gifts, grants, etc., payable | | | | |
| 14 | Mortgages and notes payable | | | | |
| 15 | Other liabilities (attach schedule) | | | | |
| 16 | Total liabilities | | | | |
| **Net Worth** | | | | | |
| 17 | Contributions to trust corpus | | | | |
| 18 | Accumulated trust income | | | | |
| 19 | Other (attach schedule) | | | | |
| 20 | Total net worth (add lines 17 through 19) | | | | |
| 21 | Total liabilities and net worth (add lines 16 and 20) | | | | |

Form **3520-A** (2007)

Form 3520-A (2007)                                                                                                    Page **3**

## 2007 Foreign Grantor Trust Owner Statement (see instructions)

**Important:** *Trustee must prepare a separate statement for each U.S. owner and include a copy of each statement with Form 3520-A. Trustee is also required to send to each U.S. owner a copy of the owner's statement. U.S. owner must attach a copy of its statement to Form 3520.*

| **1a** Name of foreign trust | **b** Employer identification number |
|---|---|
| **Perfect Partner Trust** | |

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| | | | |

**2**  Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust information?   ☐ Yes   ☐ No
If "Yes," complete lines 3a through 3g.

| **3a** Name of U.S. agent | **b** Identification number |
|---|---|
| | |

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| | | | |

| **4a** Name of trustee | **b** Identification number (if any) |
|---|---|
| | |

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| | | | |

**5**  The tax year of the owner of the foreign trust to which this statement relates ▶ **2007**

| **6a** Name of U.S. owner | **b** Identification number |
|---|---|
| **Joseph A. Wilson** | |

**c** Number, street, and room or suite no. (if a P.O. box, see instructions)

| **d** City or town | **e** State or province | **f** ZIP or postal code | **g** Country |
|---|---|---|---|
| | | | |

**h**  Service Center where U.S. owner files its income tax returns ▶

**7**  Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by the U.S. person Owner retained right to change beneficiary.

**8**  If the trust did not appoint a U.S. agent, list the trust documents attached to Form 3520-A (see instructions).

**9**  Gross value of the portion of the trust treated as owned by the U.S. owner . . . . . . .  $  |  **9,203,381**

## 2007 Statement of Foreign Trust Income Attributable to U.S. Owner (see instructions)
Report each item on the proper form or schedule of your tax return.

| | | |
|---|---|---|
| Income | **1** Interest . . . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | **2** Dividends . . . . . . . . . . . . . . . . . . . . . . . . . | |
| | **3** Gross rents and royalties . . . . . . . . . . . . . . . . . . . | |
| | **4** Income from partnerships and fiduciaries . . . . . . . . . . . . . | |
| | **5** Capital gains (losses) . . . . . . . . . . . . . . . . . . . . | |
| | **6** Ordinary gains (losses). . . . . . . . . . . . . . . . . . . . | |
| | **7** Other income (attach schedule) . . . . . . . . . . . . . . . . | |
| Expenses | **8** Interest expense . . . . . . . . . . . . . . . . . . . . . . | |
| | **9a** Foreign taxes (attach schedule) . . . . . . . . . . . . . . . . | |
| | **b** State and local taxes . . . . . . . . . . . . . . . . . . . . | |
| | **10** Amortization and depreciation (depletion) . . . . . . . . . . . . . | |
| | **11** Trustee and advisor fees . . . . . . . . . . . . . . . . . . . | |
| | **12** Charitable contributions . . . . . . . . . . . . . . . . . . . | |
| | **13** Other expenses (attach schedule) . . . . . . . . . . . . . . . | |

Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

Form **3520-A** (2007)

Form 3520-A (2007)                                                                                                        Page **4**

## 2007 Foreign Grantor Trust Beneficiary Statement

**Important:** *Trustee must prepare a separate statement for each U.S. beneficiary that received a distribution from the trust during the tax year and include a copy of each statement with Form 3520-A. Trustee is also required to send to each such beneficiary a copy of the beneficiary's statement. U.S. beneficiary must attach a copy of its statement to Form 3520.*

| 1a Name of foreign trust | **b** Employer identification number |
|---|---|

c  Number, street, and room or suite no. (if a P.O. box, see instructions)

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|

2    Did the foreign trust appoint a U.S. agent (defined in the instructions) who can provide the IRS with all relevant trust
information?    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    ☐ Yes    ☐ No
If "Yes," complete lines 3a through 3g.
If "No," do you agree that either the IRS or the U.S. beneficiary can inspect and copy the trust's permanent books
of account, records, and such other documents that are necessary to establish that the trust should be treated for
U.S. tax purposes as owned by another person?    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    .    ☐ Yes    ☐ No

| 3a Name of U.S. agent | **b** Identification number |
|---|---|

c  Number, street, and room or suite no. (if a P.O. box, see instructions)

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|

| 4a Name of trustee | **b** Identification number (if any) |
|---|---|

c  Number, street, and room or suite no. (if a P.O. box, see instructions)

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|

5    The first and last day of the tax year of the foreign trust to which Form 3520-A applies ▶

| 6a Name of U.S. beneficiary | **b** Identification number |
|---|---|

c  Number, street, and room or suite no. (if a P.O. box, see instructions)

| d  City or town | e  State or province | f  ZIP or postal code | g  Country |
|---|---|---|---|

7    Description of property (including cash) distributed, or treated as distributed, to the U.S. person during the tax year. (See the instructions for Part III of Form 3520 for U.S. tax treatment of these amounts.)

| (a) Description of property | (b) FMV |
|---|---|
| | |
| | |
| | |

8    Attach an explanation of the facts and law (including the section of the Internal Revenue Code) that establishes that the foreign trust (or portion of the foreign trust) is treated for U.S. tax principles as owned by another person.

9    Owner of the foreign trust is (check one):
    ☐ Individual          ☐ Partnership          ☐ Corporation
Under penalties of perjury, I declare that I have examined this return, including any accompanying reports, schedules, or statements, and to the best of my knowledge and belief, it is true, correct, and complete.

| Trustee Signature ▶ | Title ▶ | Date ▶ |
|---|---|---|

Form **3520-A** (2007)

# STATEMENT
## (line 5)

1.  Name of person, country of residence to whom the property was transferred: Joseph A. Wilson: Ridgewood, New Jersey.

2.  General description of the transfer: liquidating distribution of the Perfect Partner Trust to Joseph A. Wilson.

3.  Description of the property transferred including FMV: U.S. Treasury Bills, including accrued interest, in the sum of $9,203,381.

4.  Description of consideration received by the trust; or if no consideration was received by the trust, whether the trust or U.S. person exercised any powers over the entity to which the property was transferred: no consideration was received by the Trust. Mr. Wilson exercised the power to change the beneficiary named in the Trust.

5.  To the extent known, a description of any subsequent transfer of the property: after Joseph A. Wilson received the distribution in 2007, there was no subsequent transfer.