UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

Emily Wilson, as Executor of the Estate       Case No.  19-cv-05037
of Joseph A. Wilson and the Estate of          Judge Brian M. Cogan
Joseph A. Wilson

                Plaintiffs
v.

United States

                Government.
_____

**PLAINTIFFS' REPLY TO GOVERNMENT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO AMEND THEIR COMPLAINT**

The Plaintiffs, by and through counsel, hereby submit their Reply to the Government's Response in Opposition to Plaintiffs' Motion to Amend their Complaint ("Opposition").

**I. THE GOVERNMENT IGNORES A HOST OF SECOND CIRCUIT COURT OF APPEALS DECISIONS, AS WELL AS DECISIONS FROM DISTRICT COURTS IN THIS CIRCUIT, WHICH SUPPORT THE PLAINTIFFS' POSITION THAT THIS COURT'S CONSIDERATION AND DETERMINATION OF THE NEW LEGAL ISSUES WHICH PLAINTIFFS RAISE IN THEIR PROPOSED AMENDED COMPLAINT WOULD NOT BE CONTRARY TO THE REMAND RULE**

The Plaintiffs, in their Memorandum of Law in Support of their Motion to Amend their Complaint ("Memorandum") (pages 10-13) cited and discussed decisions by the Second Circuit Court of Appeals, as well as the District Courts in this Circuit, which support the Plaintiffs' position that the new legal arguments asserted in their Proposed Amended Complaint (paras. 38-43) are not in violation of the remand rule.  They reflect that since the Second Circuit did not consider or rule on these legal issues (other than finding that all of the issues raised in the Plaintiffs/Appellees Proposed Sur-Reply were "moot"), this Court's consideration of these issues is not prohibited by the remand rule.  As Plaintiffs set forth in their Memorandum, these new

1

legal issues are just that and not "slightly altered" or "repackaged claims" which were earlier rejected by the Court of Appeals. *See*, *Beras v. United States*, No. 05 Civ. 2678, 2013 U.S. Dist. LEXIS 38789, at *48-49 (S.D.N.Y. Mar. 13, 2013).

In its Opposition, the Government does not attempt to distinguish or even discuss any of these decisions other than the Court of Appeals' decision in *Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry.*, 762 F.3d 165 (2d Cir. 2014). Opposition, page 8. Even in its discussion of *Sompo*, the Government did not address the important language from that decision quoted by the Plaintiffs in their Memorandum (page 12) that the remand rule was not violated because " . . . Sompo does not, and cannot, contend that this Court addressed the merits of those defenses . . ." Further, the Government has not provided this Court with any authority which support its position that the new legal issues raised in the Appellees' proposed Sur-reply brief, found by the Court of Appeals to be "moot," were "expressly" or "impliedly" decided by the Appellate Court.

## II. THE GOVERNMENT MISCONSTRUES THE PLAINTIFFS "STATUTORY AUTHORITY" ARGUMENT

In its Opposition, the Government contends that the Plaintiffs' central argument is that the Government lacked "statutory authority" to impose the 35% penalty against Mr. Wilson. Opposition, pages 9-10. The Government then asserts that this argument must be rejected because it is in direct conflict with the Court of Appeals' holding that the Government had the authority to impose a 35% penalty under the Internal Revenue Code ("Code"). Opposition, page 10.

The Government misconstrues the Plaintiffs' position. At no point have the Plaintiffs contended, nor do they now, that statutory authority was lacking in 2007 (the year in question) for the IRS to impose a 35% penalty on a trust beneficiary who was late in filing Form 3520. The Plaintiffs' position is that there was also statutory authority to require a trust owner to file an

annual Form 3520 prior to the amendment of I.R.C. § 6048(b) in 2010. The Plaintiffs submit that the issue presented is which penalty, if any, would be applicable - - the one applicable to a late filing of Form 3520 by the trust owner or the one applicable to the late filing of this Form by the beneficiary.

The 2007 Form 3520, its instructions and other IRS publications made it unequivocally clear that a trust owner was required to file a Form 3520 in 2007 (and other years prior to the 2010 amendment of I.R.C. § 6048(b)). Despite this, the Court of Appeals held that the only two requirements were that the trust owner was to: (1) ensure that the trust filed an annual return (Form 3520-A); and (2) file a return (Form 3520) as the beneficiary reporting any distributions. *Wilson v. United States*, 6 F.4th 432, 433 (2d Cir. 2021). While not explicitly stating it, the Court of Appeals apparently reached this position by accepting the Government's position, stated in its Reply Brief, that there was no annual Form 3520 filing requirement for the trust owners until Congress amended Section 6048(b) in 2010. *See*, Government's Reply at 6, 8, 16-17 n.6 [Dkt. no. 87].

The Plaintiffs submit that the IRS must have relied on statutory authority to impose the annual filing requirement of Form 3520 by trust owners. If that authority was not I.R.C. § 6048(b), then it was I.R.C. § 6001. In either case, there is a conflict in the statutory scheme as to which penalty, if any, applied to the late reporting by a trust owner (who was also the sole beneficiary) of the trust distributions received. If this requirement fell on the trust owner under either I.R.C. § 6048(b) or I.R.C. § 6001, then in the case at bar, there would be a zero penalty. If the requirement fell on the trust beneficiary, then a 35% penalty would apply under I.R.C. § 6048(b) and I.R.C. § 6677(c)(3).

3
60140340.v2

Given the two statutory schemes, this creates an ambiguity as to which controls. Well-established case law, beginning with a number of Supreme Court decisions, have held that this ambiguity must be resolved in the Taxpayer's favor and against the Government. *See*, *Gould v. Gould*, 25 U.S. 151 (1917); *United States v. Merriam*, 263 U.S. 179, 187-188 (1923); and, *Comm'r of Internal Revenue v. Acker*, 361 U.S. 87, 91 (1959).

The IRS has stated different things at different times as to the statutory authority for it to require (prior to the 2010 amendment of I.R.C. § 6048(b)) trust owners to file an annual Form 3520. IRS E-Notice, 2003-25, 2003 IRB LEXIS 144, stated that I.R.C. § 6048 imposed this requirement ("Internal Revenue I.R.C. § 6048 requires information reporting with respect to certain foreign trusts . . . Form 3520 generally is filed on an annual basis on or before the due date for the U.S. owners or U.S. beneficiary income tax return."). Similarly, the IRS Chief Counsel Advisory Memorandum 2011-50029, stated: "A U.S. person treated as the owner of a foreign trust who fails to file a Form 3520 when required under section 6048(b) will be subject to a penalty for such failure only with respect to tax years beginning after March 18, 2010."

The 2007 instructions to Form 3520 stated (page 10) that the authority to ask for the information (in Form 3520) was sections 6001, 6011 and 6012(a) of the Internal Revenue Code and the regulations. The Government attempts to diminish the importance of this statement by contending that this only appeared as part of the Privacy Paperwork Reduction Act Notice on page 10 of the instructions; and accordingly ". . . is not an authoritative statement of the IRS' view regarding the substantive basis for any disclosure requirement." (Opposition, page 15). The Government is incorrect.

The IRS has properly recognized the importance of the Privacy and Paperwork Reduction Acts in carrying out its tax collection functions. The IRS website states: "The Privacy Act and

Paperwork Reduction Act requires that the Internal Revenue Service inform businesses and other entities the following when asking for information. The information on this form will carry out the Internal Revenue laws of the United States." "Available at IRS website for Small Business and Self Employed, https://www.irs.gov/instructions/i3520#idm140547363962992 (See Attachment A hereto). The Paperwork Reduction Act of 1995, 44 U.S.C. 3501 et seq. provides in Section 3506 ("Federal agency responsibilities") in paragraphs (c)(1)(B)(iii)(I) and (IV) that each agency must inform the individuals from whom the information is to be collected of the: "the reasons the information is being collected" and "whether responses to the collection of information are voluntary, required to obtain a benefit, or mandatory." In compliance with this statute the statement appears on page 10 of the 2007 instructions for Form 3520: "You are required to give us the information. We need it to ensure that you are complying with these laws and to allow us to figure and collect the right amount of tax." Further, in compliance with the Privacy and Paperwork Reduction Act, the statement was made on page 10 that: "Our authority to ask for information is sections 6001, 6011 and 6012(a) and their regulations, which require you to file a return or statement with us for any tax for which you are liable. Your response is mandatory under these sections.[1]" Contrary to the Government's contention, this was a very clear and authoritative statement by the IRS of its statutory authority to require the annual filing by a trust owner of Form 3520[2].

---

[1] The stated "mandatory" requirement is at odds with the Government's assertion that the annual filing requirement by a trust owner was only a "mere suggestion with no teeth". Opposition, page 12 n.6.

[2] The Government also contends that the instructions actually state that the basic reporting requirements for Form 3520 are contained in Section 6048, referring to page 5 of the instructions (Exhibit 2 attached to the Opposition). (Opposition, page 15). In point of fact, the portion of the instructions in which that statement appears pertains <u>only</u> to the reporting requirements for <u>transfers</u> by U.S. persons to a foreign trust. The reporting requirements for a U.S. owner of a foreign trust under Part II of Form 3520 appeared on page 6 of the Instructions. There is no statement therein as to the statutory authority for the IRS requiring the owner of a foreign trust to provide this information.

**III. THE GOVERNMENT INCORRECTLY CONTENDS THAT PORTIONS OF THE AMENDED COMPLAINT, WHICH REPEAT THE ALLEGATIONS MADE IN THE ORIGINAL COMPLAINT, ARE IN VIOLATION OF THE MANDATE RULE**

In its Opposition (pages 7-13), the Government contends that the Plaintiffs should not be permitted, in an Amended Complaint, to assert arguments which are contrary to the Court of Appeals decision on the I.R.C. § 6048(b) issue which the Plaintiffs/Appellees raised i.e., any penalty for the late filing) of Form 3520 should have been asserted against Mr. Wilson as the trust owner under I.R.C. § 6048(b) and not I.R.C. § 6048(c). However, this does not mean that the paragraphs in the Proposed Amended Complaint on this issue are required to be deleted due to the remand rule. The Government cites to only one cases which is arguably on point, *Karsjens v. Haperstead*, No. 11-3659, 2021 W.L. 2686080 (D. Minn. June 30, 2021) (Opposition, page 8). However, the Government cites to no Second Circuit Court of Appeals' decision to support this contention, or to any District Court decision in this Circuit in support of its argument. Further, neither Rule 15(a) of the Federal Rules of Civil Procedure nor the Local Rules of this Court provide that on remand, an amended complaint must delete the sections of the original complaint which are in conflict with a Court of Appeals decision in the case. Simply stated, there is no support in this Circuit for the Government's contention.

**IV. THERE IS NO SUPPORT FOR THE GOVERNMENT'S CONTENTION THAT AN AMENDED COMPLAINT CANNOT REFER TO AND RELY ON VARIOUS DOCUMENTS USED TO SUPPORT CONTENTIONS MADE IN AN AMENDED COMPLAINT**

The Government asserts that the Proposed Amended Complaint cannot properly include references to three sources it views as being "extrinsic" used by Plaintiffs in support of the contentions made in the Amended Complaint: (1) the 2007 instructions for Form 3520; (2) I.R.S. Notice 2003-75, 2003-2 C.B. 1204; and (3) I.R.S. Chief Counsel Advisory Memorandum 2011-

50029, 2011 IRS CCA Lexis 254 (Nov. 9, 2011). Opposition at 14-15. The Government relies on the Circuit Court of Appeals decision in this case in which it held no "extrinsic sources" should be considered given that it viewed the statute to be unambiguous, *Wilson v. United States*, 6 F.4th 432, 437 (2d Cir. 2021). In making this argument, the Government improperly mixes two things: (1) extrinsic sources which should not be considered, according to the Court of Appeals, since the statute was viewed as unambiguous; and (2) what an amended complaint may properly refer, or rely on, as documentary support for allegations made in the complaint. There is nothing in the Federal Rules of Civil Procedure, the Local Rules of this Court or any Second Circuit Court of Appeals or District Court decision in this Circuit which would in any way limit or prohibit a plaintiff from relying (in a complaint or an amended complaint) on pertinent documents or other sources or authorities in support of the allegations made in a complaint or amended complaint. The Government's argument lacks any support.

V. **THE GOVERNMENT INCORRECTLY ASSERTS THAT IRS NOTICE 2003-75 "DOES NOT HELP PLAINTIFFS' § 6001 ARGUMENT EITHER"**

In its Opposition (pages 16-17), the Government contends that the proposed Amended Complaint's reliance on IRS Notice 2003-75 in para. no. 41 does not support the Plaintiffs' position and should not be considered. The Government is wrong.

The Government contends that IRS Notice 2003-75 does not support the Plaintiffs' position because this case does not involve Canadian retirement plans. (Opposition, pages 16-17). The Government misses the point. The importance of I.R.S. Notice 2003-75 is that in it the IRS relied on I.R.C. §6001 as the statutory authority for the creation of a new tax form which was required to be filed " . . . in lieu of Form 3520". See, page 1 of the Notice (Exhibit 3 to the Opposition). This Notice demonstrates that the IRS recognized that I.R.C. §6001 served as the proper statutory authority for the creation of a new tax form which taxpayers were required to

7

file. The Plaintiffs submit that, in the case at bar, I.R.C. § 6001 similarly provided the IRS with statutory authority to require trust owners to file an annual Form 3520 prior to the 2010 amendment I.R.C. § 6048(b).

VI. **THE GOVERNMENT INCORRECTLY CONTENDS THAT CHIEF COUNSEL MEMORANDUM 201150029 SUPPORTS THE 35% PENALTY**

The Proposed Amended Complaint, in its paras. nos. 38 and 43, relies on IRS Chief Counsel Memorandum 201150029. In this Memorandum, the IRS stated that there would not be any penalty for the late filing by a trust owner of Form 3520 until the statute was amended in March 2010. As alleged in the Proposed Amended Complaint, paras. nos. 38 and 43, this has direct application to Mr. Wilson. This Memorandum, standing alone, should have prohibited any assessment being made against Mr. Wilson for the late filing of Form 3520.

In its Opposition (pages 17 - 18), the Government places reliance on the example which appeared in the first full paragraph on page 3 of the Chief Counsel Memorandum. The Government contends that the language therein supports its position ("if a U.S. person files a Form 3520, but fails to report a transaction with the foreign trust valued at $30,000, the U.S .person will owe a penalty (absent showing of reasonable cause) equal to $10,500 (35% of $30,000)." The Government misreads this paragraph. It dealt with penalties under I.R.C. §6048(a) or (c) and <u>not</u> either § 6048(b) (and I.R.C. § 6677(c)(2)). In fact, this paragraph made specific reference to I.R.C. § 6677(c)(1) and (3) but <u>not</u> to the pertinent code section herein, I.R.C. § 6677(c)(2).

Finally, the Government contends that the Chief Counsel Memorandum cannot properly "be used or cited as precedent." (Opposition, page 17). However, it was the Government, not the Plaintiffs/Appellees, which first referred to and relied on this Memorandum in support of its arguments in the appeal. *See*, Government's Reply Brief, page 8, n.2 [Dkt. no. 87]. In fact, the

language in the Chief Counsel Memorandum quoted by the Government in its Reply Brief filed in the Court of Appeals is the <u>same</u> <u>language</u> on which the Plaintiffs rely in their Proposed Amended Complaint for their contention that no penalty should have been assessed against Mr. Wilson.

**VII. THE GOVERNMENT IS INCORRECT IN ASSERTING THAT THIS COURT LACKS SUBJECT MATTER JURISDICTION TO CONSIDER AND RULE ON THE PLAINTIFFS' NEW LEGAL ALLEGATIONS IN THEIR PROPOSED AMENDED COMPLAINT**

In its Opposition, the Government contends that the new legal arguments raised by the Plaintiffs in their Proposed Amended Complaint vary from the claim for refund; and, therefore, under the variance doctrine, this Court lacks subject matter jurisdiction. (Opposition, pages 18-19). The Government's contention is incorrect.

After the Complaint was filed herein, the Government filed a Motion to Dismiss for lack of subject matter jurisdiction. The Court denied this Motion, thereby establishing subject matter jurisdiction in this Court. *See*, *Wilson v, United States*, 2019 U.S. DIST. LEXIS 199902, at *6-12 (E.D.N.Y. 2019). The Government did not appeal the Court's denial of its Partial Motion to Dismiss for lack of subject matter jurisdiction. *Wilson v. United States*, 6 F.4th 432, 437 (2d Cir. 2021), n.5.

It is well-established in this Circuit that once subject matter jurisdiction is found to have existed after the filing of a complaint, the district court cannot subsequently lose subject matter jurisdiction by virtue of a later amendment of the complaint. <u>In</u> *Law Offices of K.C. Okoli, P.C. v. Bn Bank N.A.* 481 Fed. Appx. 622, 625 (2d Cir. 2012), the court held:

> Jurisdictional facts 'such as the amount in controversy' are evaluated on the basis of pleadings 'viewed at the time when [the] defendant files a notice of removal' (citation omitted). Here, at the time of removal, Okoli's complaint stated that the size of the

proposed plaintiff proposed class was 'hundreds of persons' . . . A plaintiff 'cannot seek to deprive a federal court of jurisdiction' by changing its pleadings once the jurisdictional threshold has been satisfied.

*See also Yong Quinn Luo v., Mikel*, 625 F.3d 772, 776 (2d Cir, 2010); *Luby Fuddruckers Rest., LLC v. Visa Inc.,* 342 F. Supp.3d 306, 319 (EDNY 2018); and *Beck Chevrolet Co. v. GM LLC*, 2012 U.S. DIST. LEXIS 195613, at *2-3 (S.D.N.Y 2012) (jurisdictional facts are evaluated on the basis of the pleadings at the time the defendant files a notice of removal to a federal court from a state court).

The Plaintiffs submit that the case law is clear that, should this Court grant the Plaintiffs' motion for leave to amend their complaint, this Court will not be deprived of subject matter jurisdiction for the new legal claims asserted in the Proposed Amended Complaint.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Plaintiffs' Memorandum in support of their Motion to file an Amended Complaint, this motion should be granted.

Dated: December 3, 2021    Respectfully submitted,

                                                   NOSSAMAN LLP

                                                   /s/ Robert M. Adler
                                                   Robert M. Adler
                                                   1401 New York Ave., NW
                                                   8th Floor
                                                   Washington, D.C. 20005
                                                   (202) 887-1428
                                                   (202) 466-3215 Facsimile

WINNE BANTA
BASRALIAN & KAHN, P.C.

/s/ Gary S. Redish
Gary S. Redish
Michael Cohen
Court Plaza South - East Wing
21 Main Street, Suite 101
Hackensack, New Jersey 07601
(201) 487-3800
(201) 487-8529 Facsimile
*Counsel for Emily S. Wilson, as Executor of the Estate of Joseph A. Wilson and the Estate of Joseph A. Wilson*