```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
EMILY S. WILSON, as Executrix of the Estate of                    :
Joseph A. Wilson, and the ESTATE OF JOSEPH                        :
A. WILSON,                                                        :   **MEMORANDUM DECISION**
                                                                  :   **AND ORDER**
                              Plaintiffs,                         :
                                                                  :   19-cv-5037 (BMC)
             - against -                                          :
                                                                  :
THE UNITED STATES OF AMERICA,                                     :
                                                                  :
                              Defendant.                          :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

Plaintiffs brought this action against the Government for the return of $3,221,183 in disputed taxes. After this Court denied the Government's partial motion to dismiss, and granted plaintiffs' motion for partial summary judgment, the Government appealed. The Second Circuit vacated and remanded, holding that "when an individual is both the sole owner and beneficiary of a foreign trust and fails to timely report distributions she received from the trust, the government has the authority under the IRC to impose a 35% penalty." Wilson v. United States, 6 F.4th 432, 433 (2d Cir. 2021).

On remand, plaintiffs have moved to amend their complaint to assert additional legal arguments. For the reasons set forth below, plaintiffs' motion to amend is DENIED, and the complaint is dismissed.

## BACKGROUND

### A.     Factual Background

Joseph A. Wilson established an overseas trust, of which he was the sole owner and beneficiary. Section 6048 of the Internal Revenue Code ("IRC") imposes annual reporting

requirements upon both U.S. owners, see 26 U.S.C. § 6048(b), and beneficiaries, see id. § 6048(c), of such foreign trusts. For persons who are both owners and beneficiaries, such as Wilson, these requirements, and the annual returns upon which reports are to be made, may sometimes overlap. Section 6677 of the IRC imposes different penalties for the late filing of two types of disclosures: a 35% penalty for beneficiaries who fail to timely report their distributions, see id. § 6677(a), and a 5% penalty for owners who fail to ensure that their trust timely files an annual return, see id. § 6677(b). This means, obviously, that a taxpayer would rather have a penalty assessed based on his status as an owner rather than that of a beneficiary.

By filing late, Wilson did not comply with the reporting requirements for tax year 2007. Pursuant to 26 U.S.C. § 6677(a), the Internal Revenue Service assessed a 35% penalty against Wilson as a beneficiary for failing to timely disclose the distribution he received from his trust. Although Wilson paid the assessment, he subsequently filed for a refund, arguing that he should have been charged only the 5% penalty that applies to trust owners under Section 6677(b).

**B.     Prior Decision**

In their initial complaint, plaintiffs[1] alleged that Wilson's estate was entitled to a refund on the ground that, since he was the trust's owner as well as a beneficiary, he should have been penalized solely as its owner.[2] The Government moved to dismiss only on this ground. This Court held oral argument, during which plaintiffs cross-moved for partial summary judgment.

Ultimately, this Court denied the Government's motion to dismiss and granted plaintiffs' motion for partial summary judgment. In part, my decision was based on my conclusion that Wilson would have been only required to file "a *single* Form 3520 for fiscal year 2007" as both

---

[1] As Wilson died before his claim was resolved, his estate and Emily Wilson, its executrix, brought suit.

[2] Plaintiffs had originally alleged in the alternative that there was "reasonable cause" that excused Wilson's untimely filing. Plaintiffs have withdrawn that argument.

an owner and a beneficiary.  Wilson v. United States, No. 19-cv-5037, 2019 WL 6118013, at *6 (E.D.N.Y. Nov. 18, 2019), vacated and remanded, 6 F.4th 432, 433 (2d Cir. 2021).  I also determined that Section 6677 "did not permit[] a single person untimely filing a single IRS form to be penalized as" both an owner and as a beneficiary.  Id.  Since "Form 3520 disregards the beneficiary status of the trust owner in favor of his owner status," I found Wilson should only have been penalized as the trust owner, and thus owed the lesser penalty.  Id. at *7.[3]

### C. Second Circuit Decision

The Government appealed.  In its reply brief on appeal, the Government, for the first time, contended that in 2007 there was no statutory authority for the IRS to require trust owners to file Form 3520.  If only beneficiaries were required to file Form 3520, it contended, then it was immaterial whether Section 6677 permitted double penalties for the filing of a single form.  The Second Circuit denied plaintiffs' motion for leave to file a sur-reply brief addressing this argument.

Subsequently, the Second Circuit vacated my decision and remanded the case, holding that when an individual is both the sole owner and beneficiary of a foreign trust and fails to timely report distributions received from the trust, the Government has the authority under the IRC to impose a 35% penalty under Section 6677(a).  In so holding, the Second Circuit considered the plain meaning "of the IRC's disclosure and penalty provisions, §§ 6048 and 6677."  Wilson, 6 F.4th at 435.  It determined that these provisions "unambiguously demonstrate[] that when an owner of a foreign trust fails to timely disclose a distribution [that] he received as a beneficiary of that trust, she violates § 6048(c) and thereby triggers the 35% penalty under § 6677(a)."  Id.  This is because "§ 6677(b) leaves untouched the 35% penalty that

---

[3] As the gross reportable amount was $0 under Section 6048(b), I found that Wilson owed nothing.

3

applies to *all other* reporting requirements under § 6048, including to a return disclosing distributions required by § 6048(c)," and that "§ 6677(b) does not "displace or merge[] with the separate requirement to report distributions under § 6048(c)." Id.  Therefore, even if Wilson's failure to report distributions under Section 6048(c) "also violates his reporting requirements as an owner under § 6048(b), the 5% penalty under § 6677(b) does not supplant the 35% penalty." Id. at 436.

In reaching its conclusion, the Second Circuit rejected plaintiffs' arguments about the applicability or necessity of filing the various forms.  It noted that "even if Wilson needed to file a *single* Form 3520, § 6048 is concerned with the actual disclosure requirements, not the form on which the required disclosures are made." Id. at 438 (internal quotations and citations omitted). Therefore, "[f]iling a Form 3520 without providing all of the required information, such as the distributions, still violates § 6048." Id.

### D. Proceedings On Remand

On remand, plaintiffs moved to amend their complaint to add additional allegations. These allegations seek to rebut the Government's argument in its reply brief on appeal.  That is, plaintiffs assert that prior to the amendment of Section 6048(b) in 2010, there was, indeed, statutory authority to require a trust owner to file an annual Form 3520.  Plaintiffs assert that this authority came from either IRC § 6048(b) or § 6001, the latter of which does not mandate any penalty for late filings.  As both trust owners and beneficiaries would be required to fill out the same form, plaintiffs contend that this again raises questions as to which penalty applies.

First, plaintiffs allege that the IRS viewed Section 6001, which proscribes no penalty for violations, as the statutory authority for requiring an owner to file an annual Form 3520.  They rely on the 2007 Instructions for Form 3520.  See Def's Ex. 2 , 2007 Form 3520 Instructions

("Our authority to ask for information is sections 6001, 6011, and 6012(a) and their regulations, which require you to file a return or statement with us for any tax for which you are liable. Your response is mandatory under these sections."). Plaintiffs also note that the IRS has previously recognized that Section 6001 provided it with statutory authority to require taxpayers to file a new form it had created. This was set out in an IRS Notice published in 2003, which discussed a new form that a U.S. citizen or resident alien was to file who held an interest in a Canadian Registered Retirement Savings Plan or a Registered Retirement Savings Plan. See Def's Ex. 3, I.R.S. Notice 2003-75, 2003 IRB Lexis 474 (I.R.S. November 28, 2003).

Second, plaintiffs allege that, even if it was Section 6048(b) that provided the requisite statutory authority, then, pursuant to an IRS Chief Counsel Advisory Memorandum, no penalty should have been imposed on Wilson for his late filing. See IRS Chief Counsel Advisory Memorandum No. 201150029 ("A U.S. person treated as the *owner* of a foreign trust who fails to file Form 3520 when required under section 6048(b) will be subject to a penalty for such failure only with respect to tax years beginning after March 18, 2010.") (emphasis added).

The Government, in turn, opposes plaintiffs' motion to amend primarily on the ground of futility. It asserts that pursuant to the mandate rule, plaintiffs' additional arguments are foreclosed.

The parties have agreed that if plaintiffs are not permitted to add their new theory, the complaint must be dismissed.

## DISCUSSION

### I. Legal Standard

Pursuant to Fed. R. Civ. P. Rule 15(a)(2), courts should freely give leave to amend when justice so requires. See Parker v. Columbia Pictures Industry, 204 F.3d 326, 339 (2d Cir. 2000).

5

Courts in the Second Circuit have adopted a liberal approach to amendment, allowing plaintiffs to amend even following judgment. See Williams v. Citigroup Inc., 659 F.3d 208, 212-13 (2d Cir. 2011).

However, "it is within the sound discretion of the district court to grant or deny leave to amend." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). "A district court may in its discretion deny leave to amend for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Bensch v. Est. of Umar, 2 F.4th 70, 81 (2d Cir. 2021) (internal quotation marks omitted). The party opposing the motion to amend has the burden of "establishing that leave to amend would be unduly prejudicial or futile." Pilkington N. Am., Inc v. Mitsui Sumitomo Ins. Co. of Am., No. 18-cv-8152, 2021 WL 4991422, at *5 (S.D.N.Y. Oct. 27, 2021) (citing Ho Myung Moolsan Co. v. Manitou Min. Water, Inc., 665 F. Supp. 2d 239, 250 (S.D.N.Y. 2009)).

A proposed amendment is futile under Rule 15(a)(2) if the added claim would not withstand a Rule 12(b)(6) motion to dismiss. See Lucerne v. Int'l. Bus. Machs. Corp., 310 F. 3d 243, 258 (2d Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

II.     **Futility and the Mandate Rule**[4]

The mandate rule provides that "where a case has been decided by an appellate court and remanded, the court to which it is remanded must proceed in accordance with the mandate and such law of the case as was established by the appellate court." Kerman v. City of New York,

---

[4] As the case can be dismissed on this grounds alone, I need not consider the parties additional arguments.

6

374 F.3d 93, 109 (2d Cir. 2004) (internal quotation marks and brackets omitted). The purpose of the mandate rule is to "prevent[] relitigation in the district court not only of matters expressly decided by the appellate court, but also . . . issues impliedly resolved by the appellate court's mandate." Brown v. City of Syracuse, 673 F.3d 141, 147 (2d Cir. 2012) (internal quotation marks omitted). Therefore, "[w]here the mandate limits the issues open for consideration on remand, the district court ordinarily may not deviate from the specific dictates or spirit of the mandate by considering additional issues on remand." Sompo Japan Ins. Co. of Am. v. Norfolk S. Ry. Co., 762 F.3d 165, 175 (2d Cir. 2014) (citing Riley v. MEBA Pension Trust, 586 F.2d 968, 970-71 (2d Cir. 1978)). However, "a mandate is controlling only as to matters within its compass" and the rule "does not extend to issues an appellate court did not address." New England Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 606 (2d Cir. 2003).

Plaintiffs seek to add new allegations concerning which, if any, penalty applied to Wilson for not fulfilling his filing obligations as an *owner* of a foreign trust. They argue that a determination on this issue may alter the Circuit's conclusion that he owed a 35% penalty for his violations as a beneficiary under Section 6048(c).

But these allegations are in direct conflict with the issue resolved by the Second Circuit's mandate. In its opinion, the Second Circuit determined that Wilson's status as an owner was immaterial for the purpose of the late filing penalty that he owed as a beneficiary. Id. at 436 ("Because Wilson's failure to timely report the distribution he received [as a beneficiary] violates § 6048(c) even if that same failure also violates his reporting requirements as an owner under § 6048(b), the 5% penalty under § 6677(b) does not supplant the 35% penalty."). This is because Section 6048(b) "makes no exception for a beneficiary who is also the owner of a

7

foreign trust," id. at 435, and "Wilson was therefore required under § 6048(c) to timely report the distribution he received from his trust." Id.

Even if not expressly precluded, plaintiffs' proposed allegations are still barred as "impliedly resolved" by the Circuit. Brown, 673 F.3d at 147. Plaintiffs' arguments are entirely based on the premise that trust owners were, in fact, required to file an annual Form 3520 prior to the amendment of Section 6048(b) in 2010. Plaintiffs note that the Second Circuit held that "the only two requirements were that the trust owner was to: (1) ensure that the trust filed an annual return (Form 3520-A); and (2) file a return (Form 3520) as the beneficiary reporting any distributions." Therefore, since the Circuit seemed (to plaintiffs) to accept the Government's argument that an owner was not required to file Form 3520, plaintiffs insist that this Court must now consider whether this changes the analysis.

It does not. Even if the Second Circuit had found that trust owners were required to file a Form 3520 under some statutory provision, it would have decided this case the same way. Since the Second Circuit determined that Wilson was properly penalized as a beneficiary under Section 6048(c), it does not make any difference whether Wilson was required to file this form as a trust owner. In fact, the Second Circuit expressly held that "even if Wilson needed to file a *single* Form 3520, § 6048 is concerned with the actual disclosure requirements, not the form on which the required disclosures are made." Wilson, 6 F.4th at 438 (internal quotation and citations omitted). Further, "regardless of whether the person files Form 3520, Form 3520-A, or both, []he must disclose any distributions she received from a foreign trust even if she is the sole owner and sole beneficiary." Id. Because Wilson did not disclose the required information as a beneficiary, it is immaterial which, if any, forms he was required to file as an owner. Plaintiffs' argument that this authority is provided by Section 6048(b) directly contradicts the Circuit's

8

holding: "Nothing in other parts of §§ 6048 and 6677 diminishes or eliminates the applicability of the 35% penalty to Wilson as a beneficiary of the trust." Id. at 435.

Nor does the IRS Chief Counsel Advisory Memorandum 2011-50029 help plaintiffs. The memorandum only concerns penalties under Section 6048(b). It provides that "[a] U.S. person treated as the owner of a foreign trust who fails to file a Form 3520 *when required under section 6048(b)* will be subject to a penalty for such failure only with respect to tax years beginning after March 18, 2010." (emphasis added). This cannot alter the conclusion that the IRS properly assessed a 35% penalty against Wilson for failing to file a Form 3520 under Section 6048(c).

Since plaintiffs' new arguments contradict the mandate of the Second Circuit, granting leave to amend would be futile.

## CONCLUSION

Plaintiffs' motion to amend is denied and the complaint is dismissed. Judgment will enter in favor of the Government.

**SO ORDERED.**

Digitally signed by Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
August 18, 2022

9